The Kansas Farmers' Mutual Fire Insurance Company v. Lydia A. Amick.

Answer; *Refusal to Permit Amendment, not Error.* Where an action is brought against a fire insurance company to recover damages alleged to have been sustained by fire, and the defendant is in default for want of an answer for several months, and afterward, on leave of the court, files an answer; and afterward the trial of the case is had, and had nearly two years after the fire occurred; and after the plaintiff has introduced the principal portion of her testimony, but before she has rested, the defendant asks leave of the court to amend its answer by setting up new matter, and what it claims to be a new, independent and complete defense to the plaintiff's action, but makes no showing with reference to the delay, or as to whether the defense is true; and the court refuses to permit the amendment to be made: *Held*, Not error.

*Error from Franklin District Court.*

The opinion states the case.

*Stambaugh, Hurd & Dewey*, for plaintiff in error.

*Alonzo Dishman*, for defendant in error.

The opinion of the court was delivered by

Valentine, J.: This was an action brought by Lydia A. Amick against the Kansas Farmers' Mutual Fire Insurance Company, on a fire-insurance policy, to recover damaged alleged to have been sustained by fire. The case was tried before the court and a jury, and judgment was rendered in favor of the plaintiff and against the defendant for $1,326 and costs. The defendant brings the case to this court for review.

The fire occurred on December 27, 1883. The action was commenced on December 23, 1884. The defendant demurred to the plaintiff's petition on January 31, 1885. The demurrer was overruled on June 6, 1885, and twenty days were given the defendant within which to file an answer. The defendant did not file any answer within that time, but on September

14, 1885, without leave of the court and for the first time, filed an answer. This answer was stricken from the files on September 28, 1885; and on the same day the defendant, with leave of the court, filed another answer, setting forth substantially all that was set forth in the first answer, and more, too. On October 6, 1885, the trial was commenced. On October 7, 1885, after the plaintiff had introduced the principal portion of her testimony, but before she had rested, the defendant asked leave of the court to amend its answer by setting up new matter, and what it claimed to be a new, independent and complete defense to the plaintiff's action, but the court refused; and this refusal is the first ruling of the court below of which the defendant (plaintiff in error) now complains.

We do not think that the court below committed any error in making this ruling. Why the defendant did not set up this defense sooner is not shown; nor is it shown whether the defendant had any reasonable grounds to believe that the defense was true. No affidavit concerning the matter was filed, nor was any other evidence in support of the defendant's application submitted to the court. Of course, under § 139 of the civil code, the court may in any case, *in furtherance of justice,* and on such terms as may be proper, permit a party to amend his pleadings by inserting other allegations material to the case, when such amendment does not change substantially the claim or defense; but the amendment, in any case and at any time, can be made only *"in furtherance of justice,"* and it must be *affirmatively shown* that the amendment *is in furtherance of justice.* No such showing was made in the present case. The proposed amendment was that a city ordinance prohibited all persons from putting a stove-pipe through the roof of a building, and that the plaintiff in this case violated such ordinance, and that the fire was caused by reason of such violation. Now if this were true, the defendant could have known it long before this action was commenced, and could have set it up in an answer as soon as the action was commenced. It is probable that the defendant knew, when the

insurance policy was issued, just how the stove-pipe was arranged in this building, for the stove-pipe and the building were in the same condition before the insurance was effected as they were at the time when the fire occurred; and the defendant did unquestionably know, more than two weeks before the trial, just how the stove-pipe was arranged in the building. In all probability the defendant could not have proved that the fire originated by reason of the stove-pipe's running through the roof; but whatever it might have proved, still it is clear that the defendant might have known, by the exercise of reasonable diligence, at least twenty months before the trial, just what it knew with regard to this subject on the day of the trial. The trial court, in the exercise of its discretion, might, perhaps, upon proper terms, have permitted the amendment to be made; but still, under the circumstances of the case, we do not think that it committed any error in refusing the same.

The defendant, plaintiff in error, also claims that the judgment is excessive. It is useless to discuss this question. There was sufficient evidence to warrant the verdict of the jury, and their verdict as now presented to us must be held to be conclusive.

The judgment of the court below will be affirmed.

All the Justices concurring.