THE KANSAS FARMERS' MUTUAL FIRE INSURANCE COMPANY v. LYDIA A. AMICK.—D. W. NAILL *et al.* v. THE KANSAS FARMERS' FIRE INSURANCE COMPANY.

1. JUDGMENT *against Insurance Company—Enforcement.* Where a general judgment is rendered against a mutual fire insurance company and its property generally, but the insurance company was doing two kinds of business, a first class and a second class, and the policy upon which the judgment was rendered belonged to the second-class business only, and the company at the time had no second-class assets, the judgment and a general execution issued thereon and following the judgment are valid, and may be enforced as to any property belonging to the insurance company.

2. JUDGMENT—*Questioning Execution.* While a void execution or an execution issued upon a void judgment may be questioned in any court or anywhere, yet a valid execution following a valid judgment, though irregular or issued upon an irregular judgment, cannot be questioned except in the court from which it was issued.

*Error from Franklin District Court.*

THE facts are fully stated in the opinion.

*Stambaugh, Hurd & Dewey,* for plaintiff in error, The Insurance Company.

*F. A. Waddle,* for defendant in error Amick, and plaintiff in error Naill.

The opinion of the court was delivered by

VALENTINE, J.: In the present controversy two petitions in error are presented to us for our consideration, one from Franklin county, in which "The Kansas Farmers' Mutual Fire Insurance Company, of Abilene, Kansas," is the plaintiff in error, and Lydia A. Amick is the defendant in error; and the other from Dickinson county, in which D. W. Naill and Lydia A. Amick are the plaintiffs in error, and "The Kansas Farmers' Fire Insurance Company" is the defendant in error. The facts with respect to this controversy, stated briefly, are substantially as follows: On March 3, 1882, the

above-mentioned insurance company was organized as a corporation, a mutual fire insurance company, under the name of "The Kansas Farmers' Mutual Fire Insurance Company, of Abilene." On November 7, 1883, this company issued a fire insurance policy to Lydia A. Amick on property situated in Franklin county, and belonging to the second class as defined by § 1, chapter 111 of the Laws of 1875. On December 27, 1883, a fire occurred which destroyed the insured property. On January 25, 1884, the insurance company passed a resolution to reinsure all second-class business if satisfactory terms could be made, and to quit the second-class business. But of course the company never reinsured Mrs. Amick's property, for it had already been destroyed by fire. On December 23, 1884, Mrs. Amick commenced an action in the district court of Franklin county on said insurance policy, against the insurance company, to recover for her loss occasioned by the aforesaid fire. Early in 1885 the insurance company, under chapter 130 of the Laws of 1885, created a guarantee fund of $50,000. On October 17, 1885, a general judgment was rendered in the aforesaid action in Franklin county in favor of Mrs. Amick and against the insurance company for $1,326 and costs, and no reference was made in such judgment, or in any of the proceedings, either to a first-class or to a second-class business. On January 14, 1886, the insurance company changed its name to "The Kansas Farmers' Fire Insurance Company." On July 9, 1887, upon proper proceedings previously instituted by the insurance company in the supreme court, such court affirmed the aforesaid judgment of Mrs. Amick against the insurance company. (*Fire Ins. Co. v. Amick*, 37 Kas. 73.) On July 27, 1887, an execution was issued from the Franklin county district court upon such judgment, and was returned not satisfied. On March 21, 1888, proceedings were instituted by Mrs. Amick in the district court of Franklin county on motion in aid of execution and for the appointment of a receiver. (See Civil Code, § 254, subdiv. 4.) On April 2, 1888, this motion was heard, and on the hearing thereof it was shown that the in-

surance company had no assets belonging to its second-class business; but what had become of such assets has not been shown. It seems to be admitted that it had assets belonging to its first-class business. On August 13, 1888, said motion was decided, and D. W. Naill, the sheriff of Dickinson county, was appointed receiver, and on September 20, 1888, the insurance company, for the purpose of having the aforesaid order of the district court of Franklin county appointing such receiver reversed, brought the case to this court on petition in error; and that is the first petition in error above mentioned. On November 20, 1888, the company filed a *supersedeas* bond, but that bond provided merely that the obligors should pay all the damages that Mrs. Amick might sustain by reason of the proceedings in error from the order of the district court appointing the receiver, provided such order should be affirmed in whole or in part. On May 22, 1889, a general execution in favor of Mrs. Amick, and against the property generally of the insurance company, was issued from the Franklin county district court to D. W. Naill, the sheriff of Dickinson county. The insurance company was described in the execution as "The Kansas Farmers' Mutual Fire Insurance Company, *alias* The Kansas Farmers' Fire Insurance Company." The sheriff was about to levy upon property of the company, when, on June 25, 1889, proceedings were commenced by the insurance company in the Dickinson county district court against the sheriff and Mrs. Amick to perpetually enjoin them from levying that execution, or any other execution issued upon the aforesaid judgment, upon any property of the insurance company belonging to its first-class business, or upon its guarantee fund. A temporary injunction was granted at the time by the district judge, and a proper undertaking was given by the insurance company. On July 24, 1889, Mrs. Amick filed an answer setting up the Franklin county judgment and her interests and rights thereunder. On July 27, 1889, the insurance company replied by filing a general denial. On April 4, 1890, Mrs. Amick filed a motion to vacate the aforesaid temporary injunction, and the motion

was heard on the same day. On June 10, 1890, a trial was had upon the merits of the action before the court without a jury, and a perpetual injunction was granted restraining and enjoining the defendants in that action, Naill and Mrs. Amick, from interfering with any of the assets or property of the insurance company except such as pertained exclusively to its second-class business; and also from interfering with the insurance company's guarantee fund. It was shown at the trial that the insurance company had no assets or property belonging to its second-class business, but what it had done with the same was not then or at any other time shown. The defendants in that action then filed a motion for a new trial upon various grounds, which motion was overruled; and on September 2, 1890, they brought the case to this court for review on petition in error; and this is the second petition in error above mentioned.

We think the order of the district court of Franklin county appointing the receiver must be affirmed, and the judgment of the district court of Dickinson county granting the perpetual injunction must be reversed. The judgment sought to be enforced by Mrs. Amick was a general judgment in her favor and against the insurance company and its property generally, and the execution followed the judgment. The judgment reads as follows:

" It is therefore considered and adjudged by the court, that the said plaintiff, Lydia A. Amick, have and recover of and from the said The Kansas Farmers' Mutual Fire Insurance Company, defendant, the sum of $1,326, so as aforesaid found to be due from the said defendant to the said plaintiff, together with the costs of this action, taxed at $104.39, and that execution issue."

If this judgment should be applied only to the second-class assets or property of the insurance company, it should have been so rendered; but it was not so rendered, and it must now be held to be valid and binding, and conclusive, precisely as it was rendered. It is now nearly seven years since the fire occurred. It is nearly six years since the action to recover

for the loss was commenced. The action was contested, but a general judgment was nevertheless rendered in favor of Mrs. Amick and against the insurance company, and it is now more than five years since such judgment was rendered, and certainly the validity or regularity of the judgment cannot now be questioned. Neither can the execution issued upon the judgment and following the judgment be questioned. A void execution, or an execution issued upon a void judgment, may be questioned in any court, or anywhere, but a valid execution, following a valid judgment, cannot be questioned anywhere, except as follows: If the execution were valid, but irregular, or issued upon an irregular judgment, it might be questioned in the court from which it issued, but it could not properly be questioned anywhere else.

The order of the district court of Franklin county will be affirmed, and the judgment of the district court of Dickinson county will be reversed.

All the Justices concurring.