THE KANSAS FARMERS' MUTUAL FIRE INSURANCE COMPANY v. LYDIA A. AMICK. — D. W. NAILL et al. v. THE KANSAS FARMERS' FIRE INSURANCE COMPANY.

1. MUTUAL FIRE INSURANCE — Assessments — Separate Classes. Under the provisions of chapter 111, Laws of 1875, (Comp. Laws of 1879, ch. 50a,) the business of each class of a mutual fire insurance company must be conducted separately and independently of the other, and in no case shall an assessment be made by the company or association upon the premium notes of one class to pay the losses or expenses of the other.

2. GENERAL JUDGMENT — Collection, Restricted. A general judgment, rendered upon a policy of insurance on property of the second class

only, issued on November 7, 1883, by a mutual fire insurance company, under the provisions of chapter 111, Laws of 1875, (Comp. Laws of 1879, ch. 50a,) cannot be collected from the property expressly devoted by the statute to the payment of losses by the company on property of the first class.

## Motion for Rehearing.

THE facts are sufficiently stated in *Insurance Co. v. Amick*, ante, pp. 74, *et seq.*, and in the opinion, *infra*, filed at the session of the court in June, 1891.

*Stambaugh, Hurd & Dewey*, for plaintiff in error, the Kansas Farmers' Mutual Fire Insurance Company, and defendant in error, the Kansas Farmers' Fire Insurance Company.

*F. A. Waddle*, for defendant in error Amick, and plaintiff in error Naill.

The opinion of the court was delivered by

HORTON, C. J.: We do not think that the general execution in this case, or any of the proceedings under the execution, or under the receivership, can compel or result in any assessment upon the premium notes of the first class to pay the losses or expenses of the second class; nor can any of the premiums notes executed by persons insured in the first class be sold, applied, or used in any way to pay the losses or expenses on the judgment upon the policy in this case, which belongs to the second class; nor can the collections or assets from the premium notes of the first class be applied or used to pay this judgment or any part thereof. In our opinion, all the funds, guaranty or otherwise, notes or other assets of the insurance company, which are expressly devoted by the statute for the payment or protection of any insurance of any property insured by the company in the first class, cannot be levied upon, applied or used in any way, directly or indirectly, to pay any judgment rendered upon a policy insuring property of the second class. Section 83, chapter 50a, Comp. Laws of 1879, relating to mutual fire insurance companies, which was in force at the time of the issuance of the policy

to Lydia A. Amick, of the 7th of November, 1883, provides, among other things:

"That any number of persons, not less than five, may associate themselves together for the purpose of mutual protection against loss or damage by fire or lightning or tornado, under the provisions of this act, which property to be insured shall be classified as follows:

"First. To include all dwelling-houses, barns, sheds, outbuildings and cribs and their contents; farm implements, hay, grain, wool, and other products; live stock, wagons, carriages, harness, household goods, wearing apparel, provisions, musical instruments, and libraries, being upon farms or farm property, or in dwellings, or in accompanying out-buildings that constitute detached risks in villages, and belonging to the members.

"Second. To include all risks on buildings used for merchandising and manufacturing, and the goods, wares, machinery and implements contained therein, and all other property not included in the first class. The business of each class shall be conducted separately and independently of the other, and in no case shall an assessment be made by the company or association upon the premium notes of one class to pay the losses or expenses of the other; and any company or association doing business under this act may elect to confine their business to either the first or second class, or to embrace both; and whenever any change is made in the character of their business, under this act, it shall be done by resolution of the directors, which shall be filed, with the by-laws, in the office of the secretary of state."

See, also, ¶¶ 3417 and 3418, Gen. Stat. of 1889; also, §§ 86, 89, 90, and 93, ch. 50 a, Comp. Laws of 1879; and ¶¶ 3421, 3425, 3426, and 3428, Gen. Stat. of 1889.

When the insurance company issued its policy to Lydia A. Amick, and when she accepted the same, all parties acted with full knowledge of the provisions of chapter 111, Laws of 1875, (Comp. Laws of 1879, ch. 50a.) Lydia A. Amick at that time had notice that, by insuring in the Farmers' Mutual Fire Insurance Company, she became a member and stockholder thereof, and she also knew at that time, or she was bound to know, that the business of each class of the insurance company was conducted separately and independently of the other.

She took her policy in the second class—not in the first class. When she brought her action in the district court, her petition showed that she had insurance in the second class of the company — not in the first class. Therefore her judgment rendered upon the policy issued on property of the second class, and not of the first class, cannot be collected from premium notes, assets, or other funds exempted by the statute from being applied to losses of the second class. The premium notes, assets, or other funds exclusively devoted by the statute for the protection of insurance of the first class, cannot be used or applied to pay losses upon insurance of the second class. Therefore, while the judgment in this case is a general judgment, it cannot be enforced against property which is expressly exempted by the statute. Of course, if any property, assets or funds belonging to the second class at the date of the policy issued to Lydia A. Amick, or at the date of the fire, or at any other time, has been improperly or wrongfully transferred by the officers of the insurance company from the second class to the first class to evade the payment of any judgment, debt, or other claim, such transfer will not prevent the collection of the judgment from such property, assets, or funds.

Again, if the officers of the insurance company have concealed or secreted any of the property, assets or funds of the second class in the business of the first class, such property will also be subject to the payment of this judgment. Further, if the officers of the insurance company have covered up, by reorganization or any other change, any of the property, assets or funds which belong, or ought to belong, to the second class, or which in any possible way can be used under the provisions of the statute to pay the losses of the second class, such property is also subject to the payment of this general judgment. In case No. 5491, (*The Kansas Farmers' Mutual Fire Insurance Company v. Lydia A. Amick,*) the judgment of the district court of Franklin county will be affirmed, but the receiver will not be permitted to take possession of, disturb or control any of the property expressly exempted by the statute.

Case No. 7017, (*D. W. Naill et al. v. The Kansas Farmers'*
*Fire Insurance Company,*) from the district court of Dickin-
son county, will be modified, but the injunction will continue,
excepting as to property not exempt, in accordance with the
views herein expressed.

JOHNSTON, J., concurring.

VALENTINE, J.: In my opinion, the judgments heretofore
rendered in these two cases are perfectly right.    The original
judgment involved in this controversy was rendered by the
district court of Franklin county on October 7, 1885.    It
was and is a general judgment against the insurance company
in its entirety, and with reference to all its parts, authorizing
a general execution to be issued against its property generally.
It is just such a judgment as would be rendered against the
company for its office rent, or for the purchase-price or cost
of erecting a building in which to do business, or for lights
or fuel or stationery or advertisements in a newspaper, or
other printed matter, etc.    It is not a special judgment against
the company with reference to some portion of its business,
as its first-class business, or its second-class business, or with
reference to any particular property.    Nor is it to be enforced
in some particular manner different from the enforcement of
judgments in general.    It is a general judgment in all its
aspects.    It authorizes a general execution to be issued, and
under it the clerk could not issue any other kind of execution;
and when the execution is issued and placed in the hands of
the sheriff, he could not transform it into a special execution.
He could not say, in case he could not find some particular
kind or class of property to levy on, that he would not levy
upon any property at all.    Under it he would have the right
to levy upon any kind of property belonging to the company
subject to execution.    It makes no difference now whether
the judgment should originally have been rendered in some
other form or in some other manner or not.    It was originally
rendered as it now exists.    It was rendered on October 7,
1885, more than five and a half years ago.    Afterward, and

on July 9, 1887, nearly four years ago, it was affirmed by the supreme court, and it still remains just as it was originally rendered, without the slightest change or modification; and certainly the clerk of the district court could not modify it in effect by issuing a special execution upon it, and he has not attempted to do so; and the sheriff could not in effect modify it by refusing to levy upon any property at all, unless he could find property of a particular kind or class upon which to levy, and he has not attempted to do so; nor could the judge of a district court, other than the one in which the judgment was rendered, nor the court itself, nor any court, not even the supreme court, at this time and upon this present showing, change or modify the judgment, or in effect reverse it or vacate it.   The insurance company claims, in effect, that on account of its own transformations and changes in business the judgment cannot be enforced at all.   It claims that the judgment as rendered may be virtually ignored as a general judgment, and then it claims that the judgment cannot be enforced against the company with reference to its first-class business, because the original policy was a second-class business policy; and that it cannot be enforced against it with reference to its second-class business for the reason that that kind of business has been blotted out of existence, extinguished, annihilated, and that it has no assets belonging to such defunct business, and that no execution can be enforced against such business for the reason that no execution can be enforced against a nonentity.   It must be remembered, however, that the judgment does not of itself authorize any kind of process except an ordinary general execution.   Under this judgment, an execution confined to its second-class business or property only could not be issued; but if it could it would be worthless, for such business was annihilated years ago, and no longer has any existence, and all the assets belonging thereto have in some manner been placed beyond the reach of executions. Possibly, by this kind of legerdemain and jugglery, the company may defeat all general judgments rendered against it, and avoid all its liabilities thereon, but it should not be al-

lowed to do so. If it can, then a judgment, general in its terms, can no longer be considered as importing absolute verity, or as being the end of litigation, and the doctrine of *res adjudicata* should be obliterated from the law. A thing settled by a judgment would not be settled at all, and all respect for judgments would certainly cease, for judgments could no longer be considered as having any binding force or obligation as against anyone. It is said that since our last decision in this controversy, and while this motion for a rehearing has been pending in this court, the company has undergone another transformation by a reörganization of its corporate existence.

Perhaps I should add a few words with regard to exemptions. Of course a special execution, running against only particular property, could not be levied upon any other property, whether the same be called exempt property or not. But this is immaterial in this case, for no special execution could be issued in the present case, but only a general execution. It is also true that a general execution, running against all property subject to execution, could not be levied upon property exempt from a general execution; but neither has this anything to do with the present case; for, so far as insurance companies are concerned, there are no exemptions, constitutional, statutory or otherwise, as against a general execution. It cannot well be claimed that any constitutional provision, or any statute, or any legal principle, may anywhere be found exempting any property of any insurance company from any general execution running against all the property of the insurance company subject to execution. I know of no exemption laws in favor of insurance companies exempting any of their property from general judgments and general executions. In my opinion, it makes no difference whether Mrs. Amick's petition in the case in which the original judgment was rendered shows that her insurance policy belonged to a second-class insurance business or not; or whether Mrs. Amick had any knowledge upon this subject or not; but in fact neither the petition nor the record in that case shows any-

thing concerning these matters except as follows: The record shows what property was insured and what property was injured or destroyed by fire; and the insurance policy was attached to the petition and made a part thereof, and at one place upon its face, and at another place upon its back, the following isolated letters and figures, occupying in the aggregate less than one and one-half inches in length and less than one-sixth of an inch in width, are found, to wit: "Class No. 2." No allegation is anywhere to be found in the record of the case in which the original judgment was rendered stating that the insurance company did a second-class business, or more than one kind of business, or that Mrs. Amick had any knowledge concerning these matters; and the letters and figures, "Class No. 2," standing alone upon the insurance policy as they do, do not indicate very much. The petition was an ordinary petition upon an insurance policy, asking for a general judgment for money, and a general judgment for money was rendered, and, in my opinion, it should now be treated as a general judgment.