### THE KANSAS FARMERS' MUTUAL FIRE INSURANCE COMPANY v. LYDIA A. AMICK.

CORRECTING MANDATE — *Reopening Case.*  Allowance of a motion made by defendant to correct a mandate of the supreme court previously rendered in the case does not entitle defendant to reopen the original case and present additional matter.

### *Motion for Rehearing.*

ACTION by *Lydia A. Amick* against *The Kansas Farmers' Mutual Fire Insurance Company,* in the district court of Franklin county, on a fire-insurance policy.   Judgment for plaintiff was affirmed (37 Kas. 73), and the district court ordered the appointment of a receiver, in aid of execution. Defendant changed its name, and as the Kansas Fire Insurance Company obtained perpetual injunction in the district court of Dickinson county, enjoining plaintiff and the sheriff from levying the execution on certain property of defendant. On review, the order of the district court of Franklin county was affirmed (45 Kas. 738), and the judgment of the district court of Dickinson county was reversed.   Defendant then moved to correct the mandate of the supreme court.   Motion allowed to correct mandate, but not to retry the original case.

*Stambaugh, Hurd & Dewey,* for plaintiff in error.

*F. A. Waddle,* for defendant in error.

*Per Curiam:* The motion in this case is allowed to correct the mandate so as to conform to the opinion handed down in *Insurance Co. v. Amick*, 45 Kas. 738, to show that the judgment of the district court of Franklin county is affirmed, but that the receiver will not be permitted to take possession, disturb or control any of the property expressly exempted by the statute, if any such property is expressly exempted. Upon the hearing to correct the mandate, an attempt was made by the counsel of defendant in error to reopen the original case and to present additional matters tending to show that Mrs. Amick took a first-class policy, not a second-class one. It is too late now to contest this matter.. (*Insurance Co. v. Amick*, 45 Kas. 738.) Therefore it is unnecessary to comment upon the dissenting opinion, because all stated therein is sufficiently replied to in *Insurance Co. v. Amick*, supra. If the matters concerning the property described in the policy had been fully presented at the original hearing, they would have been considered before the final opinion was handed down. .

HORTON, C. J., and JOHNSTON J., concurring.

VALENTINE, J.: This case in different aspects has been before this court on several occasions prior to this time. (*Insurance Co. v. Amick*, 37 Kas. 73; same case, 14 Pac. Rep. 454; *Insurance Co. v. Amick*, 45 Kas. 74; same case, 25 Pac. Rep. 211; *Insurance Co. v. Amick*, and *Naill v. Insurance Co.*, 45 Kas. 738; same case, 26 Pac. Rep. 944; *Naill v. Insurance Co.*, 47 Kas. 223, 230; same case, 27 Pac. Rep. 854, 857.) The original judgment involved in this controversy was rendered by the district court of Franklin county on October 7, 1885, upon a regular full-paid policy issued by the insurance company to Lydia A. Amick. The judgment was a general judgment for money, absolute and unqualified in its terms, and the insurance policy was issued in and belonged to both the first-class and second-class business of the company, as prescribed by the laws of Kansas existing at that time with regard to mutual fire-insurance companies. (Laws of 1875,

ch. 111, § 1.) Seven-twentieths of the property insured belonged to the company's first-class business, and thirteen-twentieths thereof belonged to its second-class business. The description of the property, as contained in the insurance policy, reads as follows:

"Thirteen hundred dollars — $1,300 — on her merchandise of every description, consisting of dry goods, notions, hats, caps, groceries, and other goods not more hazardous, while contained in the one-story frame building, with shingle roof, located Nos. 33 and 35, in block 9, Ottawa, Kas. $1,300 total insurance permitted. Attached to policy No. 320 of Kansas Farmers' Insurance Co., at their Ottawa, Kas., agency.— ORIA I. CHEYNEY, Agent.

"Seven hundred dollars — $700 — on household furniture, useful and ornamental, family wearing apparel, printed books and music, silver plate and plated ware, paintings, engravings and their frames, organ, sewing machine, fuel and family stores, while contained in the one-story frame dwelling and additions, situated at Ottawa, Kas., on lots 33 and 35, in block 9, city of Ottawa, Kas. Total insurance, $700. Attached to policy No. 320 of Kansas Farmers' Insurance Company. — ORIA I. CHEYNEY, Agt."

Property which may be insured as belonging to an insurance company's first-class business is described in the foregoing statutes as follows:

"*First*, To include all dwelling-houses, barns, sheds, outbuildings and cribs, and their contents, farm implements, hay, grain, wool and other products, live stock, wagons, carriages, harness, household goods, wearing apparel, provisions, musical instruments and libraries, being upon farms as farm property, or in dwellings, or in accompanying outbuildings that constitute detached risks in villages, and belonging to the members."

And property which may be insured as belonging to an insurance company's second-class business is described in the foregoing statutes as follows:

"*Second*, To conclude all risks on buildings used for merchandizing and manufacturing, and the goods, wares, machinery and implements contained therein, and all other property not included in the first class."

Now, it will be seen from the description of the property in the policy that $700 worth of the same was household furniture, etc., belonging to the company's first-class business according to the statutes, while $1,300 thereof belonged to the company's second-class business. As before stated, the original judgment rendered in this case was general, and of course included both kinds of business; and it was absolute and unqualified; and it was affirmed by the supreme court, at its July term in 1887. (37 Kas. 73; 14 Pac. Rep. 454.) Afterward other proceedings were had in both the district court of Franklin county and the district court of Dickinson county; and the action of the district court of Franklin county was affirmed absolutely, and the judgment of the district court of Dickinson county was reversed. (45 Kas. 74; 25 Pac. Rep. 211.) Afterward, on a motion for a rehearing, it was said in the opinion of the court, among other things, as follows:

"In case No. 5491, (*The Kansas Farmers' Mutual Fire Insurance Company v. Lydia A. Amick*,) the judgment of the district court of Franklin county will be affirmed, but the receiver will not be permitted to take possession of, disturb or control any of the property expressly exempted by the statute." (*Insurance Co. v. Amick*, 45 Kas. 741.)

The receiver above mentioned was the sheriff of Dickinson county; and I know of no property belonging to an insurance company "expressly exempted by the statutes" from the payment of a general judgment rendered against the insurance company. In every *mandate*, however, issued to the district court of Franklin county, its judgment and orders have been affirmed, and no order or judgment of that court has ever in fact and by mandate been reversed, vacated, or modified. All its judgments and orders still remain absolute and unqualified. It is now proposed, however, upon a motion, that the last mandate of affirmance issued by this court to the district court of Franklin county shall be so modified as to require a modification of the judgment and orders of such court, so that they can be enforced only against the company's second-class business and its property belonging to its second-class business,

although the company has done no second-class business nor owned any property belonging to a second-class business for nearly nine years. To make such an order as is asked is virtually to say that Mrs. Amick shall never enforce her judgment at all against the insurance company; and all this although it is now well known that the original judgment rendered in this case was a general judgment for money against the company in its entirety, and absolute and unqualified in its terms, and rendered upon an insurance policy which was issued in the company's first-class business as well as in its second-class business. If Mrs. Amick cannot recover all her claim upon her general judgment, then why may she not recover for the $700 worth of first-class property insured and destroyed by fire and also covered by her judgment? And should the Franklin county judgment now and for the first time be so modified that she cannot?