THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY V. THE BOARD OF COMMISSIONERS OF CHASE COUNTY *et al.*

1. SUPREME COURT—*Protecting Jurisdiction*—*Prohibition.* The supreme court in the exercise of its jurisdiction given to it by the constitution and the statutes, may protect its own jurisdiction, its own process, its own proceedings, its own orders, and its own judgments; and may, in cases pending before it, prohibit or restrain the performance of any act which might interfere with the proper exercise of its rightful jurisdiction in such cases.

2. ACTION, *When Begun*—*Service of Process.* When service of original process is actually made upon the defendant, the case must then be considered as having been commenced at the date of the process so served, and such date will determine the time from which the right of the court to take jurisdiction to hear and determine the case must be computed.

### *Original Proceeding in Mandamus.*

THE opinion, filed at the July session, 1889, of the court, states the material facts.

*Geo. R. Peck, A. A. Hurd,* and *C. N. Sterry,* for plaintiff.

*F. P. Cochran, Madden Bros.,* and *Waters, Chase & Tillotson,* for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This is an action of *mandamus,* brought originally in this court by the Chicago, Kansas & Western Railroad Company against the board of county commissioners and the county clerk of Chase county, to compel the defendants to issue to the plaintiff certain county bonds; and in such action an application is made. by the plaintiff for a writ of prohibition to restrain and enjoin the county attorney and the district court of Chase county while this action is pending in this court, from further proceeding in an action pending in that court, instituted by the county attorney in the name of the state of Kansas, for the purpose of restraining and enjoining the county commissioners and the county clerk of that county from issuing to the railroad company the aforesaid bonds. The principal question presented by this application is, whether the supreme court under the constitution and the statutes of this state has the power to grant the relief sought by the aforesaid application. The constitutional jurisdiction of the supreme court is fixed and defined by §§ 1 and 3 of article 3 of the constitution, which read as follows:

"SECTION 1. The judicial power of this state shall be vested in a supreme court, district courts, probate courts, justices of the peace, and such other courts, inferior to the supreme court, as may be provided by law."

"SEC. 3. The supreme court shall have original jurisdiction in proceedings in *quo warranto, mandamus,* and *habeas corpus;* and such appellate jurisdiction as may be provided by law."

It will be seen from an inspection of these sections that the supreme court of Kansas is "a supreme court," and that it has "original jurisdiction in proceedings in *quo warranto, mandamus,* and *habeas corpus,* and such appellate jurisdiction

as may be provided by law;" and it would therefore seem that whenever such court acts within the rightful and proper range of either its original or appellate jurisdiction as prescribed by the constitution and the statutes, its action would be supreme and conclusive, so far as the state of Kansas is concerned. But can the supreme court exercise jurisdiction not coming within the terms or provisions of the constitution and the statutes? The *original* jurisdiction given by the constitution to the supreme court is *specific* and *named*, while the *appellate* jurisdiction is such as may be provided by law. Hence, with respect to the original jurisdiction that may be exercised by the supreme court, it would seem that it was the intention of the authors of the constitution that the supreme court should exercise only just such original jurisdiction as is prescribed by the constitution, and not any more nor any less; and that as neither *prohibition* nor *injunction* is named or mentioned in the constitution, such matters cannot rightfully come within the original jurisdiction of the supreme court. But this will not prevent the supreme court from exercising jurisdiction with regard to such matters, where they are mere incidents or auxiliaries necessary for the rightful and proper exercise of the jurisdiction actually conferred upon the supreme court by the constitution and statutes. Inherently the supreme court must have the power to protect its own jurisdiction, its own process, its own proceedings, its own orders, and its own judgments; and for this purpose it may, when necessary, prohibit or restrain the performance of any act which might interfere with the proper exercise of its rightful jurisdiction in cases pending before it. It can hardly be supposed that the action of the supreme court may be thwarted, impeded or embarrassed by the unwarranted intermeddling of others without any power in the supreme court to prevent it. This power, however, probably has some limitations and exceptions. It may be that the supreme court could not properly prohibit or restrain any person from doing any act which he might rightfully and properly do in the protection or the fostering of his own rights

1. Supreme court has power to protect its own jurisdiction.

15—42 KAS.

or interests, and rights and interests which could not be affected by any judgment or final order which might eventually be rendered or made in the action pending in the supreme court, although by the doing of such act he might render such judgment or order wholly ineffectual or worthless. And in many cases where two persons are litigating concerning the same thing, as the same office or the same property, a subsequent election might be held or a subsequent act might be performed, or a subsequent judgment might be rendered in some other action, which would give such office or property to still another person claiming the same independently and adversely to the two first-named litigants, and certainly this third person could not properly be prohibited or restrained from asserting any rightful claim or performing any rightful act for the maintenance of his own rights. But it is not necessary in this case to consider the exceptions or limitations to the general rule, for we think the present case falls within the general rule and not within any of the exceptions, and that the acts sought to be prohibited and restrained by the plaintiff in this action may be prohibited and restrained. Of course in all that we have said we have assumed that the supreme court has the rightful, proper, and paramount jurisdiction to hear and determine all questions involved in this case. This, however, is denied by the defendants in this case, upon the following facts: This action was commenced in this court on Friday, April 5, 1889, by filing in this court a proper application for a writ of *mandamus*, and obtaining an allowance and issuance of such writ, and by having the writ served upon the defendants on Monday, April 8, 1889. The action in the district court of Chase county was commenced in that court by filing the proper papers, and obtaining the issuance of a summons on Saturday, April 6, 1889, and having the same served upon the agents of the defendant in that case — the agents of the plaintiff in this case — on Monday, April 8, 1889, before 7 o'clock in the morning, and before such agents had arisen from their beds. Now while the processes in the two cases were served on the same day, yet

it seems to be admitted that the process issued from the district court of Chase county was served prior to the process issued from the supreme court. Upon these facts the plaintiff claims that the action in the supreme court was commenced on April 5, 1889, the date of the process served upon the defendants; while the action commenced in the district court of Chase county was commenced on April 6, 1889, the date of the process served upon the defendants in that case, and therefore that the supreme court necessarily obtained the first and paramount jurisdiction to hear and determine all matters involved in the controversy; while it is claimed on the other hand and by the defendants that jurisdiction could be obtained only by the service of the process, and therefore that as the process from the district court of Chase county was served prior to the process from the supreme court, the district court obtained the first and paramount jurisdiction. We are inclined to think that the plaintiff is correct so far as any question involved in this case is concerned. Although actual jurisdiction of a defendant cannot be obtained without service of summons or original process upon him, nor until the service is actually made, yet when the service is actually made the case must then be considered as having been commenced at the date of the process served upon the defendant; (Civil Code, §§ 20, 57, 81; 1 Am. and Eng. Encyc. of Law, 184;) and, by relation, the date of such process will determine the time from which the right of the court to take jurisdiction to hear and determine the case, must be computed. We can therefore decide this question of jurisdiction without reference to the trick resorted to by counsel for the defendants in this case, to obtain service of summons at the untimely hour at which they did obtain service. The authorities cited by defendants' counsel relating to the seizure of property, can have no application to this case.

2. Action, when begun.

An order for the prohibition and restraint asked for by the plaintiff will be granted.

All the Justices concurring.