THE CENTRAL NATIONAL BANK OF CARTHAGE, MISSOURI, *Appellee*, v. THE GUTHRIE MOUNTAIN PORTLAND CEMENT COMPANY, *Appellant*.

No. 17,275.

APPELLATE JURISDICTION—*Stay Order*. Upon a motion to set aside a stay order, because made without authority, it is held that it is a necessary incident to the exercise of appellate jurisdiction that the reviewing court shall be able by appropriate action to preserve an existing status, so that when an appeal is determined the fruits of the decision shall not be lost because in the meantime conditions have changed.

Bank v. Cement Co.

Appeal from Bourbon district court. Opinion filed November 23, 1910. Motion to set aside stay order denied. Stay order modified.

*C. E. Hulett, McReynolds & Halliburton,* and *Hubert Lardner,* for the appellee.

*John E. Hessin,* and *Charles H. Winston,* for the appellant.

*Per Curiam:* On January 25, 1910, in an action upon a promissory note, the Central National Bank of Carthage, Missouri, obtained a judgment against the Guthrie Mountain Portland Cement Company, which included an order for the sale of attached property. On August 3 an execution was issued, under which other property was seized and advertised to be sold at ten o'clock on the morning of August 25. At that time a sale was made to W. C. Gunn, the validity of which is denied by the defendant on the ground that before it took place an appeal had been taken and a stay bond given. The appeal was perfected August 24, and a statutory stay bond was filed and approved by the clerk of the district court on August 25, but whether before or after ten o'clock is disputed.

On August 26 a justice of this court, on application of the defendant, granted an order staying all proceedings in the district court pending the determination of the appeal. On September 19 the plaintiff filed in the district court a motion to confirm the sale, and the next day an order was made sustaining the motion and directing the disbursement of the proceeds. On September 30 a citation was issued from this court against the defendant and others to show cause why they should not be deemed to be in contempt for having proceeded with the litigation in the district court after the stay had been granted. Upon a hearing it developed that the proceedings had been taken in good faith, in the belief that they did not contravene the stay order. The court, however, held that belief to be

erroneous and the participants were adjudged to have been guilty of a technical contempt, from which they were purged upon their causing everything to be undone that had taken place after the granting of the stay order, thus restoring matters to the condition that existed on August 26.

The case now comes up for hearing on a motion of the plaintiff to set aside the stay order granted August 26, upon the ground that it was contrary to the statutes and without authority of law. As the only question raised concerns the power to make such an order under the circumstances, the motion must be denied. The statute provides that during the pendency of the appeal the supreme court "may make an order suspending further proceedings in the court below." (Gen. Stat. 1868, ch. 27, § 1, Gen. Stat. 1909, § 2362.) And it is a necessary incident to the exercise of appellate jurisdiction that the reviewing court shall be able by appropriate action to preserve an existing status, so that when an appeal is decided the fruits of the decision shall not be lost because in the meantime conditions have changed. (See 2 Cyc. 891, 892; 20 Encyc. Pl. & Pr. 1237, 1238, 1246.) If an appeal could be determined immediately upon being perfected no occasion would arise for any interlocutory order in this court. But, for reasons beyond the control of the court or the parties, an interval of several months must ordinarily elapse before the case can be considered on the merits. Whenever it appears probable that some intervening change of condition may render the final judgment ineffectual the practice is to make an order designed to prevent that result. Such orders are made by one or more justices as well as by the court, and occasionally, where immediate action seems necessary, without notice to the adverse party. Any injustice done by an *ex parte* order can readily be corrected upon a motion to set it aside, its effect being merely to suspend proceedings until a fuller inquiry can be had. In this case no application has been made to discharge the stay

order on any ground except the want of authority to make it.

In the argument it was suggested that the order of this court has deprived the plaintiff of the right to invoke the statute (Code 1909, § 589) authorizing leave to be granted, in actions on a contract for the payment of money only, for the enforcement of a judgment notwithstanding a stay bond, upon the giving of security for restitution. Granting that this action was originally one to which that statute applied, a new question has now arisen—whether a valid sale of property on execution has already been made in satisfaction of the judgment, the plaintiff maintaining the affirmative. Until that question is settled it is manifest that a new execution ought not to issue. Inasmuch as the sale was made after appellate jurisdiction had attached by the perfecting of the appeal, the question whether a stay had already become operative through the giving of a bond by the defendant might under some circumstances be determined by this court in the first instance. The district court, however, affords a more convenient forum for the investigation of that matter. To the end that the entire controversy may be settled as speedily as practicable, the stay order heretofore granted is now modified so far as to allow motions to confirm and to set aside such sale to be presented and passed upon by the district court, the judgment rendered in that connection not to be carried out until further order of this court, provided any party, including the purchaser at such sale, shall within five days of its rendition appeal therefrom and give a bond, in an amount and with securities to be approved by this court or some justice thereof, conditioned for the payment of all damages that may be occasioned to the opposing party or to such purchaser by the delay if the decision is affirmed. If such an appeal is taken it will be consolidated with that now pending, and the hearing will be advanced to as early a time as conditions will permit.