W. E. FEESS et al., *Appellees*, v. THE MECHANICS' STATE BANK et al., *Appellants*.

No. 17,433.

SYLLABUS BY THE COURT.

1. MANDATE—*How Far Conclusive—District Court—New Pleadings.* Where a judgment is reversed by this court and the mandate directs further proceedings, the district court may allow new pleadings to be filed, alleging a new state of facts, but the decision of this court is conclusive upon the parties and the district court upon the facts as they were shown to exist at the trial.

2. ——— *Same.* If a like state of facts is shown upon a further trial, or in a proceeding for the appointment or continuance of a receiver, or other issue, the judgment or order must be controlled by that decision.

3. CONDUCT OF BANK PRESIDENT — *Rights of Stockholders.* Where the president of a bank who has successfully managed its defense down to the entry of a mandate reversing a judgment erroneously rendered against it abandons the defense and joins with the adverse party in a stipulation that the receiver whose appointment had been held erroneous shall still be continued, and this conduct of the president, among other

things, is charged by stockholders to be collusive and in fraud of their rights, and proceedings upon such stipulation are still pending in the district court, it is held, in view of all the circumstances appearing from the situation of the case and the application of stockholders, that they have the right to apply to this court for an amendment of the mandate, or such further direction to the district court as will protect the interests of the bank and its shareholders, and preserve the fruits of the decision heretofore given in their favor.

Appeal from Labette district court. Opinion filed June 8, 1912. Order made.

*A. A. Osgood, George L. Davis,* and *Paul H. Kimball,* for the appellants.

*Dennis Madden, W. B. Glasse,* and *E. L. Burton,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: An application is made in behalf of the defendant bank by shareholders claiming to own a majority of its stock, and as intervenors, for the correction of a mandate. The facts upon which the judgment was rendered are stated in *Feess v. Bank,* 84 Kan. 828, 115 Pac. 563. The judgment was reversed and the cause was remanded for further proceedings. The opinion held that the appointment of the receiver had been erroneously made, and that he had been erroneously continued in office, no sufficient grounds appearing for a receivership.

The application contains the following statements: When the mandate was entered the plaintiffs sought and obtained leave to file an amended petition, but it contains no new allegations of facts, and its statements are merely cumulative of matters already adjudicated. An intervening petition was also filed by the attorney-general in the name of the state. Thereupon the defendants, who had objected to the filing of these new pleadings, moved for an order striking them from the files and for judgment pursuant to the mandate of this

Feess v. Bank.

court in their favor, for costs and for $1000, erroneously allowed and paid to plaintiffs' attorneys out of the assets of the bank. This motion was denied, and the court refused to discharge the receiver, but continued the order directing him to wind up the affairs of the bank, over the objection of the defendants, disregarding the opinion of this court. A motion for a change of venue was also denied. Collusion is charged between Abner Davis, president of the bank, who had employed counsel and managed the defense from the beginning of the action, and others, whereby he has abandoned the defense, betrayed the interests of stockholders and of the bank, and joined with the plaintiffs in a stipulation that the erroneous order appointing the receiver should be continued in force, and that further orders should be made continuing the receivership until another action in the same court, and an action in a federal court involving the ownership of certain shares of the capital stock of the bank, should be finally determined. A copy of this stipulation is attached to the application. A collusive agreement for the allowance of a fraudulent claim of over $12,000 is also alleged and proceedings to otherwise dissipate the funds of the bank. It was further stated that the applicants feared that the district court would give effect to the collusive stipulation and continue the receiver. It is alleged that large sums of money will be paid out by the receiver before the stockholders can obtain a hearing upon appeal to this court from allowances made therefor, that such appeal will thus become ineffectual although it should be sustained here, and that assets of the bank will thereby be lost.

After filing their application in this court the same parties filed an intervening petition in the district court, making substantially the same charges concerning the stipulation and the alleged collusive and fraudulent agreements.

Upon the presentation to the district court of the

stipulation by an attorney representing the state, who had previously acted as an attorney for the plaintiffs, the intervening shareholders were allowed ten days' time in which to take steps to protect the interests of the bank and the stockholders. Within that time they presented their application and obtained an order from this court staying further proceedings in the district court until the application could be heard. Notice was given, the parties appeared by counsel, and the matter was heard upon the application, and objections thereto filed by the plaintiffs.

The stockholders pray for an order of this court correcting the mandate and directing such proceedings in the district court as will carry into effect the decision and judgment in this case as stated in the opinion, and secure to them the fruits of any appeal they may properly take in the further proceedings.

The plaintiffs object to the consideration of the pending application on the ground that this court has no jurisdiction to amend a mandate after the expiration of the term at which it was issued, and because the case is no longer pending here and the stockholders have no right to intervene.

Many affidavits have been filed relating to the proceedings in the district court. In view of the conclusion reached it is not deemed necessary to examine or consider this evidence.

If it were necessary to amend the mandate in order to make the judgment of this court entirely clear it would be done in the present situation. That power was exercised after the term at which the mandate was issued in *Insurance Co. v. Amick,* 45 Kan. 74, 25 Pac. 211, 45 Kan. 738, 26 Pac. 944, 49 Kan. 726, 31 Pac. 691. It may be true that the objection now urged was not made in that case although the amendment was contested. Whatever doubts might exist as to the power of amendment in other circumstances, it may and should be exercised to make the proceedings in

such a case conform to the decision while they are still in progress and no rights have become vested by the execution of the mandate which might be disturbed by the correction. Whether the power might be exercised beyond this situation need not be considered. Indeed it is not necessary that the mandate should be amended at all. The views of the court were fully stated in the opinion and the mandate directed further proceedings "in accordance with the court's written opinion, a certified copy of which is herewith transmitted." With reference to the issue over the receivership it was stated that no grounds were shown to exist for the appointment or continuance of a receiver. Proceeding in accordance with that view the receiver should have been discharged upon a proper accounting.

If the amended petition, or the intervening petition of the state disclosed sufficient grounds for another appointment or reappointment it was within the jurisdiction of the district court to make it, or to continue in force the appointment originally made, with proper provisions concerning bond, for that would be equivalent to a new appointment. When a court has so acted upon new conditions and within its jurisdiction, its orders can only be reviewed upon another appeal. Where a judgment is reversed by this court and the mandate directs further proceedings, the district court may allow new pleadings to be filed alleging a new state of facts, but the decision of this court is conclusive upon the parties and the district court upon the facts as they were shown to exist at the trial. If a like state of facts is shown upon a further trial, or in a proceeding for the appointment or continuance of a receiver, or other issue, the judgment or order must be controlled by that decision. (*Cahn v. Tootle*, 58 Kan. 260, 48 Pac. 919; *Penrose v. Cooper*, 86 Kan. 597, 121 Pac. 1103.)

Upon the allegation, made in the intervening application, of collusion and unfaithfulness and the ap-

parent abandonment of the defense by the president, the uncertainty concerning his tenure of office, and the contention concerning the ownership of a large block of the stock, in order that the bank may be fairly represented and the rights of the stockholders protected it is held that they have the right to be heard upon the application. This proceeding is not so much the admission of a new party as it is a change in the representatives of a party. If the president or other officer or the directors will not act the stockholders must be allowed to do so. This is only just and in accordance with the usual practice. (*Fitzwater v. Bank,* 62 Kan. 163, 61 Pac. 684; 2 Clark and Marshall, Private Corporations, § 546.)

Without indicating any opinion upon the merits of the amended petition, or the intervening petition of the attorney-general, filed since the mandate was issued, we conclude that the district court should proceed in the case in accordance with the views expressed in the former opinion. But to preserve the rights of all parties and to secure the fruits of any future appeal, any party desiring to appeal from any order for any payment, or any allowance out of the assets of the bank, or other disposition of its assets, shall be allowed a stay of the execution of the order or allowance for twenty days within which to file an appeal and give an undertaking to an amount and with sureties to be approved by this court or one of its justices, conditioned for the payment of any damages that may be caused thereby to any opposing party during the period of stay, and for such further time as this court or a justice thereof may direct. (*Bank v. Cement Co.,* 83 Kan. 630, 112 Pac. 332.)