JULIA KJELLANDER, *Appellant,* v. OSCAR KJELLANDER, *Appellee.*

No. 18,579.

SYLLABUS BY THE COURT.

1. SUPREME COURT—*Appellate Jurisdiction—Implied Powers.* A grant of appellate jurisdiction implies that there is included in it the power necessary to its effective exercise and to make all orders that will preserve the subject of the action and give effect to the final determination of the appeal.

2. ——— *Power to Allow Temporary Alimony and Attorneys' Fees.* In the exercise of its appellate jurisdiction the supreme court has the power to allow temporary alimony to a party pending an appeal in an action of divorce and to order the payment of attorneys' fees or suit money necessary to a prosecution of the appeal, and may likewise provide for the temporary custody of children until the determination of the appeal.

Kjellander v. Kjellander.

Appeal from Labette district court.  Opinion filed June 7, 1913.  Temporary alimony denied.  Attorneys' fees for prosecuting appeal allowed.  Custody of child undisturbed.

*C. E. Pile,* of Parsons, *J. I. Sheppard, James G. Sheppard,* and *Kate Sheppard,* all of Fort Scott, for the appellant.

*E. L. Burton,* and *W. A. Disch,* both of Parsons, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by appellant to obtain a divorce, the custody of a minor child, and for a division of property.  On the trial the court gave judgment against appellant, denying her a divorce as well as the custody of the child, but did make a division of the property.  She appeals and asks this court to make an allowance of temporary alimony for her support pending the appeal, an allowance to pay attorneys to prosecute the appeal, and for custody of her child pending the determination of the appeal.  Appellee insists that to entertain these applications and to make the orders requested would be an exercise of original jurisdiction with which the supreme court is not vested.

It is true, as contended by appellee, that the only original jurisdiction which the court may exercise is that specifically granted by the constitution, namely, quo warranto, mandamus, and habeas corpus, and if to hear and determine such applications we must resort to our original jurisdiction they must be refused.  (*Auditor of State v. A. T. & S. F. Railroad Co.,* 6 Kan. 500, 7 Am. Rep. 575; *Foster v. Moore,* 32 Kan. 483, 4 Pac. 850; *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.,* 42 Kan. 223, 21 Pac. 1071; *In re Burnett,* 73 Kan. 609, 85 Pac. 575.)

The question remains, Are such applications open to

8—90 KAN.          +

our consideration under the appellate jurisdiction granted to this court? There can be no contention but that the custody of the child is a matter which may be controlled by this court in the exercise of its original jurisdiction in habeas corpus, and as to that feature of the case there is no difficulty. The power to require the payment of counsel fees or suit money and temporary alimony pending an appeal has not been expressly given, and the question is, whether there is implied power to make such allowances in the exercise of our appellate jurisdiction. The appellate jurisdiction conferred carries with it, by implication, the power to protect that jurisdiction and to make the decisions of the court thereunder effective. This was determined in *C. K. & W. Rld. Co. v. Comm'rs of Chase Co.*, supra, where parties were enjoined and prohibited from performing certain acts which would have defeated the purpose of a pending appeal and rendered the judgment of this court therein abortive. It was held that the court, in aid of its appellate jurisdiction, has authority to control all auxiliary and incidental matters necessary to the efficient and proper exercise of that jurisdiction. It was said:

"Inherently the supreme court must have the power to protect its own jurisdiction, its own process, its own proceedings, its own orders, and its own judgments; and for this purpose it may, when necessary, prohibit or restrain the performance of any act which might interfere with the proper exercise of its rightful jurisdiction in cases pending before it." (p. 225.)

A grant of jurisdiction implies that there is included in it the power necessary to its effective exercise and to make all orders that will preserve the subject of the action and give effect to the final determination of the appeal. This principle is illustrated in *The State v. Brewing Association*, 76 Kan. 184, 90 Pac. 777, which was an original proceeding in quo warranto. It was decided that although the court had no original juris-

Kjellander v. Kjellander.

diction to issue injunctions or to appoint receivers, it had implied power to restrain parties in order to protect, preserve and render effective its original jurisdiction in quo warranto.

On appeals to this court orders for the allowance of temporary alimony and for suit money have been frequently granted, and always upon the theory that it was incidental to and in aid of the appellate jurisdiction conferred on the court. A party to a divorce proceeding is entitled to an appeal from an adverse judgment. If it be the wife and all the accumulations and property of the spouses are held in the name of the husband her right of appeal would be unavailing unless she can be provided with the means to prosecute it and with the necessities of life pending its determination. In such a case it is the only way to make the appeal effectual and to carry out the purposes of the law in vesting the court with appellate jurisdiction in divorce cases. Allowances of this character, like orders of stay, injunction and prohibition, are necessary incidents and aids of appellate jurisdiction. (See *Bank v. Cement Co.,* 83 Kan. 630, 112 Pac. 332.)

In *Mathew Prine v. Lucy Prine,* 36 Fla. 676, 18 South. 78, 34 L. R. A. 88, where it was contended that the granting of such relief was original jurisdiction and therefore beyond the power of an appellate court, the supreme court of that state said:

"We do not believe it would be under such circumstances an exercise of original jurisdiction for us upon a proper showing to grant the wife the means of subsistence, while her case is pending in this court, but that such an allowance is essential to the proper and impartial administration of justice in the exercise of our appellate jurisdiction. If she had not the means to live and to employ counsel to present her case to the court, so that it may be fully advised as to the merits of her side of the controversy, how can it be said that there is a fair, even handed, impartial administration of justice between her and the appellant, who has abun-

dance of means of support, and to employ able and ingenious counsel to present his case in its most favorable aspects." (p. 686.)

Some courts have taken a contrary view, holding that to make such allowances is an exercise of original jurisdiction, and that if the circumstances justify the making of them it must be done by a court which exercises original jurisdiction. (*Maxwell v. Maxwell*, 67 W. Va. 119, 67 S. E. 379; *Reilly v. Reilly*, 60 Cal. 624; *McBride v. McBride,* 119 N. Y. 519, 23 N. E. 1065; *Kesler v. Kesler*, 39 Ind. 153; *The State ex rel. v. The St. Louis Court of Appeals*, 88 Mo. 135; *Lawlor v. Lawlor*, 76 Mo. App. 293; *O'Brien v. O'Brien*, 36 Ore. 92, 57 Pac. 374.) The general trend of the authorities, however, is that in the exercise of its appellate jurisdiction the court may require the payment of suit money and temporary alimony pending an appeal. In 14 Cyc. 745, it is said:

"The authorities differ as to the power of an appellate court to grant an order directing the payment of temporary alimony and suit money upon an appeal in a divorce action. In some jurisdictions such power is denied, but the weight of authority is in favor of an exercise of the power."

The supreme court of Minnesota decided that:

"In an action for divorce, this court has the power, upon a proper showing, to require the husband to pay to the wife such sum as may be necessary to enable her to prosecute or defend an appeal in this court." (*Wagner v. Wagner*, 36 Minn. 239, syl., 30 N. W. 766.)

In *Hall v. Hall*, 77 Miss. 741, 27 South. 636, there was a contention by the appellee that to allow suit money on an appeal was to exercise original jurisdiction and that the supreme court of that state had only been given appellate jurisdiction. The court held, however, that:

"The power is incidental to, and inherent in, a court with jurisdiction to review cases for divorce. The wife should have counsel, and it is of the first importance

that she should have them to aid the court in reaching a correct conclusion. The husband has an immense advantage if the wife be without counsel. The power must lodge in this court as a necessity to the intelligent exercise of its revisory jurisdiction." (p. 744.)

Other authorities supporting such allowances by appellate courts are: *Lake v. Lake,* 16 Nev. 363; *Lake v. Lake,* 17 Nev. 230, 30 Pac. 878; *Goldsmith v. Goldsmith,* 6 Mich. 285; *Zeigenfuss v. Zeigenfuss,* 21 Mich. 414; *Van Voorhis v. Van Voorhis,* 90 Mich. 276, 51 N. W. 281; *Vanduzer v. Vanduzer,* 70 Iowa, 614, 31 N. W. 956; *Day v. Day,* 84 Iowa, 221, 50 N. W. 979; *Disborough v. Disborough,* 51 N. J. Eq. 306, 28 Atl. 3; *Weishaupt v. Weishaupt,* 27 Wis. 621; *Cast v. Cast,* 1 Utah, 128; 2 Bishop on Marriage, Divorce and Separation, §§ 955-960.

In some of the cases the allowances are made as a matter of course and with little discussion, and in others the decisions are placed, to some extent, on statutory provisions. In *Roby v. Roby,* 9 Idaho, 371, 74 Pac. 957, it was held that the district court retained jurisdiction after an appeal had been taken in which to make an allowance to prosecute the appeal, but at the same time it was held that when the appeal had been perfected the supreme court also had power to order the payment of attorneys' fees or suit money when it was necessary to the complete exercise of its appellate jurisdiction. This case is reported in 3 A. & E. Ann. Cas. 50, and authorities for and against such allowances by an appellate court are collected.

We conclude that this court may, in the exercise of its appellate jurisdiction and upon a sufficient showing, allow temporary alimony pending the appeal, and also make an allowance for attorneys' fees to prosecute the appeal, and further may provide for the custody of the child until the determination of the appeal. It follows that the motions to strike the applications for these orders from the files must be denied.

The trial court awarded the custody of the child to the appellee. After the rendition of judgment, and on December 18, 1912, appellee placed the child in the home of his sister, who lives on a farm in a neighboring county, where he has lived and received good care and training. In view of all the circumstances, a change of custody pending the appeal will not be ordered. Considering the physical condition of appellee, his meager earnings and limited resources, and the further fact that appellant is in possession of the only real property owned by them, no allowance will be made for temporary alimony, but an allowance of $50 will be made to appellant towards providing attorneys to prosecute her appeal.