No. 26,684.

JULIA G. PAUL, *Appellant*, v. CLARENCE H. PAUL, *Appellee*.

SYLLABUS BY THE COURT.

DIVORCE—*Temporary Alimony Past Due—Effect of Termination of Suit*. Where on appeal from a judgment refusing a divorce the supreme court orders the payment by the husband of a monthly sum as temporary alimony, to be enforced by execution, without indicating how long the payments are to continue, and after an interval, in which no modification is made and nothing is paid by the husband, affirms the judgment without mentioning the matter of suit money, the order for its payment up to the time of the judgment of affirmance becomes final and capable of sustaining an action in another state.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed May 8, 1926. Reversed.

*P. G. Wadham,* of Marysville, for the appellant; *Harry L. Jones,* of Chicago, Ill., of counsel.

*W. W. Redmond,* of Marysville, and *C. D. Smith,* of Blue Rapids, for the appellee.

The opinion of the court was delivered by

MASON, J.: Clarence H. Paul brought an action in Nebraska seeking a divorce from his wife, who filed a cross petition. The trial court denied relief to either. Both parties appealed to the supreme court, which on February 15, 1923, affirmed the decision. During the pendency of the appeal, on October 21, 1921, the supreme court ordered the husband to pay to the wife $25 per month temporary alimony, commencing October 1, 1921, and $75 as attorney fees, payable $25 per month, commencing November 1, 1921. No payment was made on either account and in the final judgment of affirmance no reference was made to the matter. The present action was brought by the wife to recover the $75 attorney fee and the monthly temporary alimony of $25 from October 1, 1921, to February 1, 1923. A demurrer to her petition was sustained, and she appeals.

The appellee contends that the order for the payment of suit money, being interlocutory, is not such a judgment as will sustain an action; that not having been embodied in the final judgment it ceased to be effective. To this we cannot agree. The order to pay was a positive one. It was of course subject to any modification the

Divorce, 19 C. J. pp. 209 n. 95, 221 n. 38, 225 n. 85, 232 n. 92, 282 n. 84, 297 n. 35, 364 n. 90. Evidence, 22 C. J. p. 154 n. 6.

court might later see fit to make (as indeed any judgment is during the same term), but as no change was in fact made and it remained in force until the litigation was ended, it has the effect of an unsatisfied judgment. In an action for divorce allowances of alimony are enforceable in such manner as the court may choose. (*Scott v. Scott,* 80 Kan. 489, 103 Pac. 1005.) It is not vitally important in such a situation as that here presented what terms are used to describe the court's decision upon an application for temporary alimony, whether it is called an order or a judgment, interlocutory or final. In the present instance the language employed showed the essential character intended. The entry in the journal concludes with the words "for all of which execution is hereby awarded," implying finality except as a change might be ordered later, no further action of the court being necessary to the enforcement of the order. The obligation thus created had the effect of a judgment. The litigation having ended without its being set aside, it retained its vitality. Its force was not impaired merely because the debtor had ignored it, and execution had not been issued. If payments had been made in accordance with the order, no one would suggest that the omission to confirm it in the final judgment would invalidate it and thereby require a repayment. If the husband had given to his wife a note for one of the installments there could be no doubt of the validity of the consideration.

The conclusion we reach has the support of a number of cases in which the matter has been considered.

"The termination of an allowance [temporary] for the wife's support, by . . . the termination of the action, has been held not to affect past-due allowances; but there is some authority to the contrary." (19 C. J. 221.)

The following are typical expressions in favor of the view we adopt:

". . . Temporary . . . alimony . . . is fixed by the judge in his discretion, and upon passage of the order allowing it, the right to the amount allowed becomes fixed and absolute until revoked or modified by the judge, and may be enforced by writ of *fieri facias* or by attachment for contempt; and the failure to apply for the remedy to enforce it during the pendency of the suit cannot operate to deprive the plaintiff of the right to sue for it after the final verdict disallowing permanent alimony." (*Gibson v. Patterson,* 75 Ga. 549, 553.)

"The operation of an order for temporary alimony terminates with the entry of the final decree. Its vitality, however, survives that event." (*Swallow v. Swallow,* 84 N. J. Eq. 109, 110.)

"We think that the decree of the superior court so far as it was retroactive

and undertook to wipe out any claim which the respondent had for a balance which had already accrued, and for a portion of which an execution had been issued, was error. To cut off the amount already due a wife as an allowance for her support, an allowance upon which she had a right to rely and upon the strength of which she may have contracted obligations, would not only be embarrassing but unjust." (*Harvey v. Harvey,* 45 R. I. 383, 386.)

"Before entering judgment dismissing the action, the court should have considered whether or not payment of sums in arrears by plaintiff should be made a condition of entering the judgment in accordance with his motion. The presumption is that this matter was considered and passed upon by the clerk. We cannot hold that it was irregular, *i. e.,* contrary to the course and practice of the court, to enter judgment of nonsuit, without making the payment of alimony *pendente lite,* in accordance with the order entered while the action was pending, a condition of dismissing the action. The only effect of the judgment was to terminate the action and thus fix the date on and after which no further payments under the order were due. The judgment did not affect liability of plaintiff for amounts then .due." (*Caldwell v. Caldwell,* [N. C.] 128 S. E. 329, 334.)

Cases to the contrary are: *Walter v. Walter,* 15 App. D. C. 333; *Henry v. Henry,* 74 W. Va. 563; *In re Thrall,* 42 N. Y. Supp. 439 (dissented from by two of the five justices, but affirmed by a unanimous court in 153 N. Y. 644, and followed in a number of later cases; see, however, *Shepard v. Shepard,* 90 N. Y. Supp. 982); *In re Fanning,* 40 Minn. 4; *Wright v. Wright,* 6 Tex. 29, followed in *O'Haley v. O'Haley,* 31 Tex. 502. See, also, 2 Bishop on Marriage and Divorce, 6th ed., § 439. The present case may perhaps be distinguished from these by the fact of the order for temporary alimony having explicitly been made enforceable by execution, giving it to that extent the character of a final judgment. Moreover, in the West Virginia case the action in which the temporary alimony was ordered appears not to have been finally terminated unless by abandonment. In the Minnesota case the court held that after the dismissal of an action for divorce the husband could be punished for contempt in having failed to pay temporary alimony as ordered, but could not be compelled by proceedings in contempt to make the payments. In the second Texas case cited the court said:

"Order for [temporary] alimony in the first instance was granted, because the presumptions were that the applicant stated facts. And after the verdict of the jury removed this presumption, and thus made it appear that the order had been granted in consequence of false representations, it was the duty of the court to rescind and nullify not only the order so issued, but all the consequences thereof."

We do not regard payments to provide for the support of a wife pending the hearing of a divorce case, and for her carrying on the

litigation, as dependent on the merits of her case. None of the reasons given for holding an order for temporary alimony or suit money to be automatically canceled by the final disposal of the case seems to us to be sufficient, at least in such a situation as that here presented.

That the allowance of temporary alimony is not a final order in such sense as to be appealable does not impress us as affecting the question whether it may be the basis of a cause of action.

The fact that the order for a monthly payment of temporary alimony did not specify the time such payments were to cease is not important, for in the absence of such specification this would end with the final disposal of the case. (19 C. J. 221, note 38.)

The laws of Nebraska not having been pleaded are presumed to be the same as those of Kansas. Here the supreme court in a divorce case before it on appeal has jurisdiction to allow temporary alimony and attorneys' fees. (*Kjellander v. Kjellander*, 90 Kan. 112, 132 Pac. 1170.)

A reversal is ordered with directions to render judgment for the plaintiff.