No. 31,511

LILLIAN HILLS HAMILTON (substituted for Annette Richards, Trustee in Bankruptcy), *Appellant,* v. R. W. TALBOT, C. B. TALBOT, A. G. HAZLETT, CENTER OIL COMPANY, McCULLOUGH OIL COMPANY, AMERICAN NATIONAL COMPANY (now the American-First Trust Company in Oklahoma City, Oklahoma), *Appellees.*

(39 P. 2d 665)

Opinion denying a rehearing filed October 17, 1934. (For original opinion of reversal see 140 Kan. 20, 34 P. 2d 553.)

*W. L. Huggins* and *L. W. Raynolds,* both of Emporia, for the appellant.

*T. M. Lillard,* of Topeka, *W. W. Parker, O. R. Stites, Roscoe W. Graves, C. V. Beck,* all of Emporia, *Lee G. Gill* and *A. W. Gilliland,* both of Oklahoma City, Okla., for the appellees.

The opinion of the court was delivered by

HARVEY, J.: The trust company, appellee, has filed a motion for rehearing in which are argued questions: Whether the trust company purchased the note, if so, whether it was secured by the Kansas mortgage, and, if so, its liability to Hamilton to collect the note from the mortgaged property. We have reëxamined these questions and the arguments made in support of appellee's contention and adhere to our former decision (140 Kan. 20, 34 P. 2d 553) respecting them.

However, a matter not specifically called to our attention at the time the case was presented is now urged; namely, that included in the judgment rendered by the trial court in favor of appellee for $7,456.11 were two items aggregating $1,950, which, by separate contracts, Hamilton had agreed to pay to the trust company if it was not able to collect the same from the makers of the $10,946.91 note.

Shortly after this action was brought, and on July 29, 1927, the trust company paid Claude Hamilton $1,500, for which he executed to the trust company a receipt, as follows:

"I have received from you $1,500, which is paid by you to me on account of expenses which I have incurred in attempting to collect note for $10,946.91 dated December 9, 1926, made by R. W. Talbot and others in your favor and sold by me to you."

And, on the same date, executed with the trust company an agreement, as follows:

"Referring to $1,500 paid by you to me on this date on account of expenses incurred by me in attempting to collect $10,946.91 note in your favor by R. W. Talbot and others, I hereby agree that if you do not collect this fee from the makers of the above note or at any time within ten days after you may demand it of me to refund you the $1,500 paid me by you or so much thereof as you, at the time said demand is made upon me have not been able to collect from the makers of said note, and also agree that if this amount is not paid promptly by me, as provided above, that you may deduct it from the proceeds of bonds now held by you for me."

On August 26, 1927, the trust company paid Claude Hamilton $450, for which a similar receipt and an agreement were executed by Hamilton to the trust company.

The note for $10,946.91, which is the subject of litigation in this action, contained a provision by which the makers obligated themselves to pay the amount of the note, with interest, and ten per cent on the amount due as attorneys' fees "should legal process become necessary to collect this note." The evidence tends to show the parties were uncertain as to whether this provision in the note could be enforced in view of our statute (R. S. 67-312) and the fact that the litigation was pending in Kansas, and because of this uncertainty Hamilton agreed to permit the trust company to deduct these amounts from the proceeds of bonds it held for him if the trust company did not collect the same from the makers of the note. There is no showing in this case that the trust company collected this amount from the makers of the note, and from the whole record the inevitable conclusion is that it did not do so. It necessarily follows that under these receipts and agreements the amount of these two items should be deducted from the proceeds of the bonds held by the trust company for Hamilton as of the dates he received such payments. Our former opinion and judgment is modified to this extent. In all other respects it is adhered to.

The motion for rehearing is denied.