No. 31,511

LILLIAN HILLS HAMILTON (substituted for Annette Richards, Trustee in Bankruptcy), *Appellant,* v. R. W. TALBOT, C. B. TALBOT, A. G. HAZLETT, THE CENTER OIL COMPANY, THE MCCULLOUGH OIL COMPANY, and THE AMERICAN NATIONAL COMPANY (now The American-First Trust Company in Oklahoma City, Oklahoma), *Appellees.*

(39 P. 2d 665)

Opinion on motion to modify mandate filed January 11, 1935. (For original opinion of reversal see 140 Kan. 20, 34 P. 2d 553; for opinion denying a rehearing see 140 Kan. 282, 36 P. 2d 529.)

*W. L. Huggins* and *L. W. Raynolds,* both of Emporia, for the appellant.

*T. M. Lillard,* of Topeka, *W. W. Parker, O. R. Stites, Roscoe W. Graves, C. V. Beck,* all of Emporia, *Lee G. Gill* and *A. W. Gilliland,* both of Oklahoma City, Okla., for the appellees.

The opinion of the court was delivered by

HARVEY, J.: When this action was here on its merits (140 Kan. 20, 34 P. 2d 553) the principal controverted question was whether the trust company had purchased the note known as the Talbot note. That question and those immediately incident to it were then

determined. While the record disclosed what had been done with the bonds the trust company held for Hamilton it was not argued in the briefs what judgment should be directed with respect to them in the event the judgment of the court below was reversed; hence, the court gave little consideration to that matter, and in fact followed the prayer of plaintiff's petition that the specific bonds mentioned therein should be returned to plaintiff. A mandate to that effect was sent to the trial court. When that court came to enter the mandate and render judgment thereon it was advised that a judgment literally following the mandate could not be complied with and would be ineffectual for the reason that the specific bonds referred to had become due and paid to the trust company, or it had disposed of them and had received the proceeds thereof which it had mingled with its assets. The trial court, however, rendered a judgment on the mandate with at least the tacit understanding that either party might move for its modification and be heard upon such motion. The trust company did file such a motion, denominated a motion for a new trial upon the judgment rendered on the mandate. Pending a hearing on that motion this court has been asked to modify its mandate in view of the facts disclosed by the record, and not previously specifically called to its attention, that the bonds themselves could not be returned. This court set that motion for hearing and asked counsel to point out the facts from the record from which a more appropriate mandate might be issued, which request they have complied with.

It now is stated by counsel on both sides that in view of the fact the specific bonds cannot be returned, and that the proceeds of them have been received by the trust company, this court, in lieu of ordering judgment for a return of the bonds, should direct judgment to be entered for plaintiff against the trust company in a definite sum.

The only controversy now between the parties is how to arrive at the sum for which that judgment should be directed. They have directed our attention to the portions of the record which disclose that the bonds which Hamilton bought from the trust company were of the face value of $15,000, being $5,000 Fairfax board of education bonds, $4,000 Roff board of education bonds, and $6,000 Shawnee board of education bonds. Hamilton paid the trust company premiums and accrued interest on these bonds aggregating $532.03, so his actual investment in the bonds was $15,532.03.

The Fairfax and Roff bonds bore interest at the rate of six per cent per annum, payable semiannually. The interest on those two issues due January 1 and July 1, 1927, were collected by the trust company and remitted to Hamilton. On September 6, 1927, the trust company filed its amended and supplemental answer, in which it, for the first time, denied it had purchased the Talbot note and denied plaintiff's ownership of the bonds; so, as to these bond issues, we think they should be computed as drawing straight interest at the rate of six per cent per annum since July 1, 1927, in determining the amount of the money judgment which should be entered.

The Shawnee board of education bonds, of the face value of $6,000, bore interest at the rate of five per cent. This was a part of a large issue, perhaps $100,000, held by the trust company. The bonds were due May 1, 1927. By that time a question had arisen as to their validity. The trust company urged Hamilton to sue on those bonds in federal court, and because of its interest in other bonds of the same issue offered to have its attorneys prepare the action and conduct the litigation without expense to Hamilton. This was done, except that, perhaps, Hamilton employed an attorney to sit in or assist in the case. At any rate, the action was brought in Hamilton's name on the $6,000 face value of bonds which the company had sold him, with the result that the bonds were held valid and a judgment for $6,150 obtained in the name of Hamilton. After the judgment of the trial court, from which the appeal in this action was taken, that judgment came into the hands of the trust company under circumstances which need not be detailed here, but as a part of the result of the judgment appealed from, and the trust company, on July 8, 1933, collected the full amount of the judgment, $6,150, but without interest since the date of the judgment. In determining the amount of the money judgment to be directed in this case it is our judgment that the trust company should be charged with this $6,150 as of the date it collected that money, with straight interest at six per cent per annum since that time. Perhaps this is more favorable than it should be, with respect to the Shawnee bonds, but plaintiff clearly is entitled to that much, and it is not clear he is entitled to more.

As previously determined in this court, on a motion for rehearing in this action (140 Kan. 282, 36 P. 2d 529), the trust company is entitled to a credit of $1,500 it paid Hamilton July 27, 1927, and $450, August 26, 1927. In determining the amount of the money

judgment to be entered the trust company should be credited with those items and straight interest on them at the rate of six per cent per annum.

The computations, therefore, as above determined, are as follows, to January 15, 1935: The trust company is charged with the amount of the Fairfax and Roff board of education bonds, $9,000, with interest thereon at six per cent per annum since July 1, 1927, $4,072.50; also with the amount it collected on the Shawnee board of education bonds, $6,150, with interest thereon at six per cent since the date of collection, July 8, 1933, $560.66; making a total charge of $19,783.16. The trust company is credited with the $1,500 it paid Hamilton, July 27, 1927, with six per cent interest thereon since that date, $672; also credited with $450 paid Hamilton, August 26, 1927, with interest at six per cent since that date, $199.42; making a total credit of $2,821.42. This leaves a balance due plaintiff from the trust company, as of the date of January 15, 1935, of $16,961.74.

In view of these conclusions it is now, at the same term of this court in which the former mandate was issued, ordered and adjudged that the former mandate of this court in this cause be and the same is hereby recalled, and the trial court is hereby directed to set aside its order spreading that mandate of record, and to set aside any judgment rendered thereon, and to dismiss any proceedings pending by reason thereof, and to enter judgment for plaintiff and against the defendant trust company for the sum of $16,961.74, as of the date of January 15, 1935, with interest on that sum at the rate of six per cent per annum from that date until the judgment is rendered, if it is not rendered on that date; also to provide in the judgment rendered that the amount of the judgment shall bear interest from the date of judgment until paid at the rate of six per cent per annum; and the trial court also shall render judgment in favor of plaintiff and against the said defendant for the cost of this action, including the costs in this court.