No. 32,143

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee*, v.
THE IRRIGATION LOAN AND TRUST COMPANY, *Appellant*.

(42 P. 2d 566)

Opinion filed
April 6, 1935.

*F. W. Casner,* of Kansas City, Mo., for the appellant. .
*L. H. Hannen,* of Burlington, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to quiet title to real estate. Judgment was for plaintiff. Defendant appeals.

This action turns upon the facts in another case. That case will be designated in this opinion as No. 9110. The facts are simple. In that case the Union Central Life Insurance Company brought suit against the Irrigation Loan and Trust Company to foreclose a mortgage. Service was obtained by publication on the theory that the defendant was a foreign corporation and nonresident. The defendant did not appear and, eventually, judgment was had. The mortgage was foreclosed, the land was sold, and bid in by the plaintiff, and after the period of redemption had expired a sheriff's deed was issued, and the plaintiff was put into possession of the land.

Some time subsequent to the time when the plaintiff in that case took possession of the land the Irrigation Loan and Trust Company advised the tenant that the land belonged to it and that rent should be paid to it. When this occurred, the plaintiff in that case, the Union Central Life Insurance Company, filed this suit to quiet title to the real estate.

When this suit was filed the defendant filed an answer that was in effect a general denial. The answer especially alleged that the plaintiff gained possession of the land "by force, subterfuge and misrepresentations, illegally and without authority of law." The court heard the case and found the facts, and gave judgment for plaintiff. The appeal is from that judgment.

The trouble arises because plaintiff in case No. 9110 thought the defendant, which held fee title to the land, was a foreign corporation. As a matter of fact it was a domestic corporation organized under the laws of the state of Kansas. Acting on the belief that the defendant was a foreign corporation, the plaintiff filed affidavits and attempted to secure service by publication, as is provided for in R. S. 60-2525 and 60-2526. Among other statements contained in the affidavits was one that—

"The defendant, the Irrigation Loan and Trust Company, a corporation, is a nonresident of the state of Kansas, and resides at Kansas City, Mo. That personal service of summons cannot be had upon said defendant within the state of Kansas and that plaintiff with due diligence is unable to procure actual service of summons upon the said defendant within the state of Kansas."

The question that presents itself to us is whether the judgment in case No. 9110 is void or merely voidable. The attack made on it here is a collateral one. Hence, if it is only voidable, the trial court was correct, and the plaintiff in this case should prevail. If the judgment in case No. 9110 was void, then the title to the real estate is still in the defendant in this case, and the defendant should prevail.

Plaintiff argues that the case comes under the rule laid down in many cases, such as *Duphorne v. Moore*, 82 Kan. 159, 107 Pac. 791. There this court said:

"A judgment based upon a willfully false affidavit for service by publication is not absolutely void."

There is no doubt about the soundness of that rule. Were the defect here merely a mistake or misstatement in the affidavit, then the proceedings would be irregular merely, the judgment voidable only, and it would be necessary to attack it directly in the same case as is provided by statute.

We have concluded, however, that this case does not fall within that rule. The corporation which owned the land and which is defendant in this case was never made a party to the foreclosure action, No. 9110.

The petition alleged that the corporation was organized and existing under the laws of the state of Missouri. The affidavit made the same statement. The actual owner of the land, and the defendant in this case, was a Kansas corporation and is nowhere named or referred to in the proceedings. This situation was not true in any of the authorities that are cited and relied on by plaintiff here. This

case thus resolves itself into a simple one where the real party in interest was not made a party to the action.

The Irrigation Loan and Trust Company, a corporation organized and existing under the laws of Kansas, could not lose any rights in a suit that was instituted against the Irrigation Loan and Trust Company, a corporation organized and existing under the laws of the state of Missouri. No service of summons or service by publication was had or attempted in case No. 9110 against the defendant in this case nor was it ever in court in that case. Having reached this conclusion, it does not require any citation of authorities to establish the fact there was no judgment against the defendant in this case rendered in case No. 9110.

The judgment of the trial court is therefore reversed with directions to enter judgment for the defendant.