No. 33,205

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee,* v. THE IRRIGATION LOAN AND TRUST COMPANY, *Appellant.*

(73 P. 2d 70)

Opinion filed November 6, 1937.

*Roland Boynton,* of Topeka, *F. W. Casner* and *C. M. Casner,* both of Kansas City, Mo., for the appellant.

*L. H. Hannen,* of Burlington, *R. B. Caldwell, H. M. Noble* and *Lynn Webb,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This appeal involves questions pertaining to rents from farm lands. On January 7, 1930, plaintiff sued to foreclose its mortgage on the land, obtained a decree of foreclosure and a sheriff's deed based thereon, and went into possession of the property November 18, 1930. Thereafter a question arose as to whether the owner of the title to the real property, subject to the mortgage, had been made a party defendant in the foreclosure action. To determine that question plaintiff brought this action February 2, 1932, to quiet title, basing its action on the sheriff's deed and contending that the correct party had been made defendant in the foreclosure action. This last allegation was denied by defendant in its answer. This presented the principal controverted issue in the action to quiet title. Plaintiff prevailed in the trial court. Defendant appealed, and this court reversed the judgment of the trial court (141 Kan. 675, 677, 42 P. 2d 566), with directions to enter judgment for the defendant, holding the sheriff's deed void. In its answer in that action defendant had asked to be restored to possession of the property and to have judgment against plaintiff for the sum of $1,000 actual damages for the crop years of 1931 and 1932 and such other relief as might be just and equitable. In its reply plaintiff alleged that it had paid the taxes for 1930 and 1931 upon the premises, amounting to $147.75, and the prayer, among other things, was for such other relief as plaintiff might be entitled to in equity. There was some testimony in the case relating to the rental value of the property for the years 1931 and 1932, but in view of the fact the trial court rendered judgment for plaintiff the issues respecting rents and taxes were not tried out. When the mandate of this court was spread of record in the trial court, May 5, 1935, defendant requested, among other things, that the court enter judgment against plaintiff on its claim for rent at the rate of $480 per year from November 30, 1930, to the date of entering the mandate. The trial court declined to do that, and defendant filed in this court a motion asking for an order directing the trial court to enter such a judgment. The respective parties submitted briefs, and on July 3, 1935, this court issued its second or supplemental mandate directing the trial court, among other things, "to hear such evidence as may be offered by either party and to decide as to the reasonable rental

value of the real estate in question during the time that appellee was in possession of it and allow judgment for appellant for that amount less the taxes paid by appellee." Appellant in that action then filed a motion in this court asking it to correct its mandate of July 3, and specifically to withdraw the paragraph therein directing the trial court to take evidence and determine the question of rents and taxes. This motion was considered by this court and overruled.

Thereafter the trial court proceeded to take the evidence on the question of rents and taxes. Briefly stated, the trial court found that the plaintiff had been in possession of the property under its sheriff's deed from November 18, 1930, to May 3, 1935, and that the reasonable value of the rent for that time was $665; that upon this sum it was entitled to credit for taxes paid, $355.46, leaving a balance due defendant from plaintiff of $309.54. Judgment was rendered in harmony with these findings. This appeal is by defendant from that judgment.

Appellant contends this court's judgment of April 6, 1935, became final when its mandate was spread of record in the trial court, May 3, 1935; that this judgment covered all features of the case, and that thereafter this court had no authority to issue an additional or supplemental mandate directing the taking of testimony as to rents and taxes. On this point appellant is in error, both on the facts and the law. The question of rents for which plaintiff would be liable, or of taxes for which it should have credit, had not been found or determined by the trial court. There had been no necessity of doing so in view of the trial court's judgment, and the only evidence on those matters pertained to the years 1931 and 1932. The principal issue decided by the trial court and determined by this court (141 Kan. 675, 42 P. 2d 566) was the validity of the sheriff's deed under which plaintiff claimed title, and the consequent right of possession. The judgment of this court of April 6, 1935, determined those questions, and its mandate directed the trial court to enter judgment with respect to them for defendant. Appellant realized the incidental question of rents had been determined only inferentially, if at all, by the judgment, hence it asked this court for an order directing the trial court to enter a certain judgment with respect thereto. After fully considering this motion and the briefs of counsel it became clear that there had been no trial on those matters; certainly none since 1932, when the trial court rendered its first judgment in this case; hence this court directed a trial on those

issues. When appellant made its request it recognized the authority of this court to make a supplemental order and to issue a supplemental or additional mandate, and had one been issued in full accord with appellant's motion therefor it would not now be complaining. It is not unusual for this court to issue a supplemental mandate, sometimes modifying its original mandate, sometimes directing additional proceedings in the trial court, when the nature of the case or the lapse of time makes such an additional order and mandate proper. (*Feess v. Bank,* 87 Kan. 313, 124 Pac. 412; *West v. Insurance Co.,* 105 Kan. 414, 185 Pac. 12; *Hamilton v. Talbot,* 141 Kan. 1, 39 P. 2d 665.) There is a reason that was done in this case. A simple judgment for defendant, on the validity of the sheriff's deed and the right to possession of the premises, did not determine the extent of plaintiff's liability for use of the property, nor the amount of credit it should have thereon for taxes paid. These things had to be determined by a further hearing in this case, or in a separate action. Appellant requested this court to give the trial court certain directions with respect to those matters. This court, having considered what directions were proper to be given to the trial court, gave further directions to it. There was no error in this respect.

Appellant next contends that the court erred in its additional or supplemental mandate by incorporating therein a direction to the trial court to give plaintiff credit for the taxes it had paid. It is argued that this was an inadvertence on the part of this court, and that no claim of that kind had been made in the pleadings. Appellant is in error in both these respects. Plaintiff's original reply filed in this case set up the amount of taxes it had then paid and asked for such judgment with respect thereto as it was entitled to in equity. Neither was the order or mandate of this court inadvertent with respect to that matter. After our supplemental mandate had been issued appellant specifically moved this court to set aside that part of its mandate. That motion was fully considered by the court and overruled. When the case was here before these points were determined against appellant. It is in no position to reargue them.

With respect to the reasonable amount of the rent found by the trial court appellant contends that the court did not find the rent for enough time, and that the amount found was too low in view of the evidence. The court found the reasonable value of the rent from November 18, 1930, the date of the sheriff's deed, to May 3,

1935, the date it entered the mandate of this court reversing its former judgment. There is evidence that on that date counsel for plaintiff, in open court, told counsel for defendant that it had withdrawn its tenant and was then surrendering possession, and the judgment entered by the trial court gave appellant the right of possession. It appears, however, appellant did not go into possession at once. It appears that on May 7, 1936, at the request of appellant's counsel, the clerk of the district court issued a writ of possession. The return on this was signed by the sheriff in his office at the request of appellant's counsel. He did not go to the farm, or do anything with respect to putting appellant in possession of the property other than to sign the return on the writ of possession. The trial court was of the opinion that circumstances did not prolong the time for which plaintiff was obliged to pay rent; that in fact possession was surrendered on May 3, 1935. We find no error in this ruling.

With respect to the amount of the reasonable value of the rent, several witnesses testified one dollar an acre per year was the reasonable cash value of the rent covering the time in question. A few witnesses put it less than that; others put it more. The trial court found the reasonable value of the rent to be one dollar per acre per year. Clearly it is supported by the evidence. The court did permit plaintiff to show what rent it had actually received. It had leased the property for a share of the crop. The evidence disclosed that most of the farm land rented in that vicinity during the years in question was rented for a share of the crop rather than for cash rent. In its findings of fact the court made a specific finding as to how much rent plaintiff had received from the premises each year in question. Appellant complains of this evidence and of these findings. The evidence is open to objection. Normally what one receives for rent is not very helpful on what is the reasonable value of the rent; but the error, if any, in receiving this evidence and making these findings does not require a reversal of this case, for it is clear from the court's findings that it ignored this evidence in determining the reasonable value of the rent. The court found the reasonable value of the rents from evidence pertaining thereto.

Other details are argued, all of which have been fully considered, but we find it unnecessary to treat them separately in this opinion.

There is no material error in the record. The judgment of the court below is affirmed.