No. 36,404

ARTHUR S. FINCHAM, *Appellant,* v. FRANCES MARIE FINCHAM, *Appellee* and *Cross-appellant.*

(173 P. 2d 244)

Opinion on motion to amplify mandate filed October 12, 1946.

*W. D. Jochems,* of Wichita, and *George Barrett,* of Pratt, for the appellant. *John Madden, Jr.,* of Wichita, and *Paul R. Wunsch,* of Kingman, for the appellee.

*Per Curiam:* Appellant seeks a provision in the mandate in this case (160 Kan. 683, 165 P. 2d 209), previously spread of record in the district court authorizing that court to make an equitable division of property between the parties in the event the court deems such a division proper. That the trial court had such statutory power in the original trial by virtue of G. S. 1935, 60-1506, was clearly and deliberately clarified in the opinion.

The essential part of our former mandate reads:

". . . the judgment of the District Court denying plaintiff a divorce be affirmed, and that the judgment for separate support and maintenance be reversed and the cause be remanded with directions to set aside the judgment in that respect."

This left the parties husband and wife but without an order for separate maintenance and support or a division of property rights. The trial court had concluded the antenuptial contract was divisible. It struck down as void that portion of the contract which provided for a settlement of rights in case of a separation. It held valid that portion of the contract which fixed the portion of appellant's property appellee was to receive in the event appellant predeceased her. This court on review held the contract was indivisible and void. The result of the decision is that if appellant predeceases appellee the latter will receive one-half of appellant's property under the law of intestate succession, a settlement wholly contrary to the intention of the parties as revealed by their antenuptial contract. Of course, as stated in the opinion, this court could not command the trial court to make an equitable division of property for the reason that such matter rests in the sound discretion of the trial court.

Appellee argues it would be futile to now advise the trial court it had jurisdiction and power to make an equitable division of property for the reason the trial court had indicated in the original trial it did not believe it was justified in making such a division. The situation has, however, now become materially changed by our judgment declaring the antenuptial contract void in its entirety and the trial court, in view of our opinion, may very well have an entirely different view of the matter.

Appellee urges appellant's motion should not be considered for the reason he did not contend for an equitable division of property. The statement is too broad. Appellant did direct the trial court's attention to the statutory provision for such a settlement. And, as indicated in the opinion, the trial court possessed such equitable power without issues being specifically joined therefor by the pleadings.

Appellee further directs attention to the fact appellant's motion was filed after the term in which the mandate was spread in the district court. Appellee contends the judgment thus became a finality and that this court, as well as the district court, is without jurisdiction in the case. We recognize the validity and finality of our judgment. The motion before us, however, in nowise attempts to disturb that judgment. It merely seeks a supplemental mandate clearly authorizing the district court to do now what it always had jurisdiction and power to do. Such redress is clearly within the scope of our previous decisions. (*Insurance Co. v. Amick,* 49 Kan.

726, 31 Pac. 691; *Feess v. Bank*, 87 Kan. 313, 124 Pac. 412; *West v. Insurance Co.*, 105 Kan. 414, 185 Pac. 12; *Hamilton v. Talbot*, 141 Kan. 1, 39 P. 2d 665; *Union Central Life Ins. Co. v. Irrigation L. & T. Co.*, 146 Kan. 545, 73 P. 2d 70.)

The motion is allowed and the original mandate is hereby amplified to authorize the district court, if it believes good cause be shown, to make such division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just in the premises.