WILLIAM H. JOHNSON, *Appellee*, v. WAMEGO TOWNSHIP, *Appellant*.

No. 16,058.

SYLLABUS BY THE COURT.

1. JUDGMENTS — *Offer to Confess, Made During Vacation — Acceptance after Statutory Time—Offer on File.* An offer to allow judgment to be taken which is served in the vacation of the court but is not accepted within five days after service upon the adverse party, as provided by section 523 of the civil code (Gen. Stat. 1901, § 5000), will not sustain a judgment rendered thereon over the objection of the party who made the offer, although such offer had been filed with the clerk and remained on file when it was accepted.

2. ———— *Withdrawal of Offer—Failure to Give Timely Notice of Acceptance.* In such case, if the notice of acceptance be not given within the period limited therefor, the offer is deemed withdrawn without any action of the party who made it.

Appeal from Pottawatomie district court; ROBERT C. HEIZER, judge. Opinion filed December 11, 1909. Reversed.

*B. H. Tracy*, for the appellant.

The opinion of the court was delivered by

BENSON, J.: The action was to recover damages claimed against the township. On December 3, 1907, in the vacation of the court, the defendant offered in writing to confess judgment for $300 and costs, served it upon the plaintiff's attorneys, and filed it with the

clerk, with the acceptance of service endorsed upon it. On December 10 the court convened, and on the next day the plaintiff filed his acceptance of the offer, upon which the court, on December 16, rendered judgment. The defendant objected to the judgment, on the ground that as the offer had not been accepted within five days from the date of its service it should be deemed withdrawn.

Section 523 of the civil code (Gen. Stat. 1901, § 5000) provides that where such an offer is made and served upon the adverse party it shall be deemed withdrawn unless notice of its acceptance is given within five days after service of the offer. In this case eight days elapsed before such acceptance, and if this provision governed it was too late. The court held, however, that the offer, so filed and remaining on file, was an offer to confess judgment made in court under section 528 of the civil code (Gen. Stat. 1901, § 5005), which provides for an offer to confess judgment in court, and that the plaintiff was therefore entitled to judgment.

The legislature provided, by the section first referred to, for offers to be made in vacation; and by the section last cited, for confessions in open court; and effect must be given to both. The defendant made its offer under the section first mentioned, and the fact that the offer was filed, and that it remained on file when acted upon, did not prevent the operation of the further provision that it shall be deemed withdrawn unless accepted within five days. The offer was a paper entitled in, and pertaining to, the cause; it might have an important effect in the progress of the action in the recovery of costs. While the statute does not require it, it was proper to place it on file, and there was no obligation upon the defendant to withdraw it, for, by the express terms of the statute, it was deemed withdrawn after the five days had expired.

While it may be regretted that the litigation can not be terminated, as the defendant desired when it made

Heinz v. Light Co.

the offer, and as the plaintiff also desired when he moved for judgment, still we must give effect to the statute and hold that the judgment was erroneously rendered.

The judgment is reversed and the cause remanded for further proceedings.