No. 21,239.

GEORGE V. WEST, *Appellee,* v. THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

FIRE INSURANCE—*Corn Shredding Machine—Not Covered by Insurance Policy.* A fire insurance policy which contained a clause categorically specifying the various farm chattels and implements which were covered by the policy, also contained two exclusion phrases, as follows: "(excluding automobiles and electric motors)" and "(excluding threshing machines and engines, gasoline and steam power engines and machines)." *Held,* that a corn shredding machine which was always operated by a gasoline engine, although it could be operated by steam, gasoline, or horse power, was a "gasoline and steam power machine," within the scope and meaning of the language of the second exclusion phrase, and was not within the list of chattels covered by the insurance policy.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion filed February 8, 1919. Reversed.

*Robert Stone, George T. McDermott,* and *H. O. Caster,* all of Topeka, for the appellant.

*John K. Bowman* and *Noah L. Bowman,* both of Garnett, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a fire insurance policy. The plaintiff, whose farming equipment was insured by defendant, sustained a loss by fire. Defendant admitted the loss and conceded its liability, but contended that one chattel—a corn shredding machine—was excluded from the insurance by the terms of the policy. The pertinent clause of the policy, reciting what the policy did and did not cover, reads:

"(14) $500.00   On harness, saddles, robes, blankets, whips, carriages, buggies, sleighs, wagons, including hay racks, and all other farm vehicles (excluding automobiles and electric motors). On mowers, reapers, harvesters, farm implements, tools, cream separators, milk cans, empty sacks and bags, utensils and farm machinery (excluding threshing machines and engines, gasoline and steam power engines and machines) while on or off the premises."

The plaintiff testified that he used the corn shredder to shred his own corn and that of many other farmers; that he hauled it with an ordinary traction engine and operated it with the engine, making connections with a belt as is done in operating a threshing separator. It operated much like a separator. Plaintiff had hauled it on the road with horses, and testified that it could be operated by steam, gasoline or horse power, but he had always operated it with a gasoline engine.

The trial court held that the machine was insured under the terms of the policy.

Defendant contends that the corn shredder did not fall within the list of specified chattels covered by the policy, but was specifically excepted therefrom by the second bracketed phrase in the clause quoted above—"(excluding . . . gasoline and steam power . . . machines)." With this contention a majority of this court is inclined to agree. A fair reading of the text of the policy shows a comprehensive list of the chattels which the insurance was intended to cover, and only

by considerable stretching of language could any of the specified classes of chattels insured be interpreted to include the corn shredder. On the other hand, a fair reading of the text indicates that a "gasoline and steam power machine" for shredding corn, as described in the evidence, is one of the class of chattels specified in the second exclusion clause of the policy. Indeed, it is not asserted that a corn shredder is not a gasoline and steam power machine—only that it could also be operated by horses, although it never was so operated. In short, the corn shredder does not fairly appear in the list of chattels included, and it does fairly appear in the list of chattels excluded.

A secondary matter was an item for the destruction of the belt which conducted the power from the engine to the shredder. The belt was a mere incident to the effective use of the engine and machine. It pertained to both of them, and as both the engine and machine were excluded from the insurance by the plain terms of the policy, the item pertaining to the belt must likewise be excluded.

The judgment of the district court is reversed, with instructions to deduct the items allowed for the shredder and belt from the amount of the judgment awarded to the plaintiff.

JOHNSTON, C. J., and BURCH and MASON, JJ., dissent.