No. 21,239.

GEORGE V. WEST, *Appellee*, v. THE SPRINGFIELD FIRE & MARINE INSURANCE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. JUDGMENTS—*Offer to Confess Judgment Made in Vacation—Liability for Costs.* Under section 547 of the civil code, after an action for the recovery of money is begun, at any time before trial, the defendant may serve upon plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for a sum of money, and if that offer is declined, no mention shall be made of it at the trial, but if the judgment in plaintiff's favor does not exceed the sum which was offered, the plaintiff is liable for all costs incurred after the receipt of the offer.

2. SAME—*Confession of Judgment—Statutes Construed.* Sections 547 and 552 of the civil code serve different purposes. The one governs offers to confess judgment which may be made in vacation, the other relates to confessions of judgment in open court.

Appeal from Anderson district court; CHARLES A. SMART, judge. Opinion allowing motion to amplify mandate filed November 8, 1919. (For former opinion see 104 Kan. 157, 178 Pac. 423.)

*Robert Stone, George T. McDermott,* and *H. O. Caster,* all of Topeka, for the appellant.

*John K. Bowman,* and *Noah L. Bowman,* both of Garnett, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The appellant, which prevailed in this court in its contention that the corn shredder and belt were not covered by its insurance policy (*West v. Insurance Co.,* 104 Kan. 157, 178 Pac. 423), moves to amplify our mandate so as to clarify the matter of its liability for costs.

The plaintiff sued the defendant upon the insurance policy for the loss of certain farming equipment and a corn shredder and belt, all of which were destroyed by fire. Before filing answer, the defendant offered to confess judgment for $190.10 for the destruction of the farming equipment, but disclaimed liability for the corn shredder and belt. Defendant's offer also

gave its consent that interest, costs and attorney's fees might be added to the judgment to which defendant was willing to submit.

The offer was declined, issues were joined, and the cause was tried to a jury, and certain special questions were answered:

"(1) How much do you allow for the corn shredder? Ans. $225.00.

"(2) How much do you allow for the belt? Ans. $45.00.

"(3) How much do you allow for all the balance of property. Ans. $159.50."

Pursuant thereto, judgment for the sum of those items, $429.50, was entered for plaintiff, together with costs amounting to $115.40, which included an attorney's fee of $50.

On appeal, this court ordered the items for the corn shredder and belt to be deducted from the amount of plaintiff's judgment.

In its notice of appeal, the defendant recited:

"The defendant does not appeal from the finding of the jury or the judgment of the court allowing the plaintiff the sum of $159.50 for items listed other than the corn shredder and belt referred to."

About the time the appeal was filed, the defendant sent a draft for $159.50 (and interest) to the clerk of the district court, with directions that such remittance was to pay the unappealed portion of the judgment; and in answer to an inquiry of the clerk, defendant's counsel wrote her—

"The money which we paid to you is a part of the judgment in this case. No part of it should be paid out by you as costs or as attorney's fees. We have given a bond that in event the judgment is affirmed we will pay all of your costs and Mr. Bowman's attorney fee, together with the rest of the judgment. But the money we have sent you is a part of the plaintiff's judgment and must not be paid out by you, excepting on a receipt as part of the judgment, just as you took the other receipt which is all right."

These directions of the defendant touching the application of the money paid into court were ignored by the clerk, and the money was applied to the payment of costs. When the mandate of this court went down, defendant filed a motion to retax costs. That motion was denied. Defendant assumes that this matter can be set right by the present motion to amplify the mandate of this court. If the snarl pertained in any way to some matter presented to us in the original appeal, or which in any degree frustrates the efficacy of our mandate already is-

sued, the mandate may be recalled, corrected, amplified or modified as justice may require. (*Stationery and Paper Co. v. Western News Co.,* 30 Kan. 334, 1 Pac. 534; *Insurance Co. v. Amick,* 49 Kan. 726, 31 Pac. 691; *Feess v. Bank,* 87 Kan. 313, 316, 317, 124 Pac. 412; 3 Cyc. 472, 474; 4 C. J. 1244-1246.)

It is too clear for cavil that the money paid into court by defendant for a specific purpose could not properly be devoted to any other purpose; and, moreover, when the defendant's supersedeas bond was approved, all proceedings in the trial court were stayed (Civ. Code, § 588, Gen. Stat. 1915, § 7492), since no bond for restitution was given by plaintiff. But we do not see that defendant need be greatly concerned about what disposition is made of the money it has paid into court. It owed the money under the judgment; and, having paid, it cannot be compelled to pay again. Any improper disposition of the money which was paid into court to satisfy the unappealed portion of the judgment may cause the plaintiff some annoyance, but in this instance, at least, it does not seem to concern the defendant.

It is shown, however, that after this lawsuit was commenced by the filing of plaintiff's petition and the issuance of summons, defendant offered to confess judgment for "$190.10 plus interest and plus costs and plus attorney's fee for plaintiff's attorney for services rendered to the filing of the offer." The offer was made under section 7451 of the General Statutes of 1915, which reads:

"The defendant in an action for the recovery of money only may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept the offer and give notice thereof to the defendant or his attorney, within five years [days] after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit; and in either case the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer." (Civ. Code, § 547.)

This offer was rejected by plaintiff, and in conformity with the code section just quoted, no allusion was made to it at the trial.. Among the matters appealed by defendant was the order rendering judgment against defendant for costs. As the offer was "not given in evidence or mentioned on the trial," the matter of taxing costs in the trial court followed the usual course; and they were imposed on the defendant as the defeated party. Nor was the attention of this court drawn to the matter in the briefs or arguments, for the reason, as counsel avow, that if defendant prevailed on appeal, in its contentions touching its nonliability for the corn shredder and belt, a retaxing of costs in the trial court would be allowed as a matter of course.

Perhaps a difficulty would arise touching the propriety of considering this question on a motion to amplify the mandate; but both parties urge us to consider it as a final and formal submission without quibbling as to procedure. Plaintiff contends that the defendant's offer was withdrawn. There was no notice of acceptance given as the statute provides, and that of itself operated as a withdrawal. So reads the statute. It is also urged that in its pleading defendant offered to confess liability for a different and lesser amount, $94.10, and that such pleading nullified the potency of the offer made under section 547 of the code. We think not. The offer of $94.10 made in the pleading was under a different provision of the code. (Civ. Code, § 552, Gen. Stat. 1915, § 7456.) The distinction between an offer in vacation, as sanctioned by code section 547, and confession in open court by pleading or statement of counsel, was pointed out by Mr. Jusitce Benson in *Johnson v. Wamego*, 81 Kan, 259, 105 Pac. 530:

"The legislature provided, by the section first referred to, for offers to be made in vacation; and by the section last cited, for confessions in open court; and effect must be given to both. The defendant made its offer under the section first mentioned, and the fact that the offer was filed, and that it remained on file when acted upon, did not prevent the operation of the further provision that it shall be deemed withdrawn unless accepted within five days. The offer was a paper entitled in, and pertaining to, the cause; it might have an important effect in the progress of the action in the recovery of costs. While the statute does not require it, it was proper to place it on file, and there was no obligation upon the defendant to withdraw it, for, by the express terms of the statute, it was deemed withdrawn after the five days had expired.

27—105 KAN.

"While it may be regretted that the litigation cannot be terminated, as the defendant desired when it made the offer, and as the plaintiff also desired when he moved for judgment, still we must. give effect to the statute and hold that the judgment was erroneously rendered." (p. 260.)

It appears that defendant's motion should be allowed, and the mandate will be amplified by directing the district court to tax against plaintiff all costs incurred in this case from the time the offer to submit to a judgment for $190.10 was made by defendant, on or about September 19, 1916, and further directing the district court to determine what part of the attorney's fee awarded to plaintiff was earned by professional services in this cause prior to the receipt of the offer to confess judgment, and to modify its allowance for attorney's fees in accordance therewith.