No. 56,155

D. WILLIAM PROVANCE, *Plaintiff-Appellee,* v. SHAWNEE MISSION UNIFIED SCHOOL DISTRICT No. 512, *et al., Defendants-Appellees,* v. JACK BALSINGER and RONALD G. BLECKE, *Defendants-Appellants.*

(683 P.2d 902)

Opinion filed July 13, 1984.

*Norman E. Garr,* of Gaar & Bell, of Overland Park, and *Lori S. Klarfeld,* of Mission, argued the cause and were on the briefs for the defendants-appellants.

*Robert F. Bennett,* of Bennett, Lytle, Wetzler, Winn & Martin, of Prairie Village, argued the cause, and *P. Stephen Martin* and *James R. Orr,* of the same firm, were with him on the brief for the defendants-appellees.

The opinion of the court was delivered by

COOK, J., District Judge Assigned: This is an appeal from an order of the district court denying defendants-appellants further relief after receiving the mandate of this court in an earlier

appeal, *Provance v. Shawnee Mission U.S.D. No. 512*, 231 Kan. 636, 648 P.2d 710 (1982) (hereafter *Provance I*).

The original action below involved the attempted closing of the Antioch Elementary School in Johnson County, Kansas. A detailed factual statement of the events which originally brought the action before this court is set forth in *Provance I* and will not be repeated herein. Rather, we will limit the factual recitation in this opinion to events pertinent to this appeal.

Antioch Elementary School is a part of the Shawnee Mission Unified School District No. 512. On September 22, 1980, the Superintendent of Schools of the Shawnee Mission School District recommended to the Board of Education that Antioch be closed at the end of the 1980-81 school term. After consideration of the factors outlined in K.S.A. 72-8136b, the Board adopted a resolution stating its tentative intention to approve the recommendations of the superintendent and close the school. A final decision to close the school was made on December 17, 1980, after a public hearing. Thereafter, in accordance with K.S.A. 72-8136e(*b*), a petition was submitted to the Johnson County election commissioner demanding that a referendum election be held on the issue of the closing of Antioch Elementary School. That election was held on April 7, 1981, and the forces in favor of keeping the school open won a narrow victory.

Plaintiff, D. William Provance, resides in the northwest area of the school district, approximately 2.7 miles from Antioch Elementary School. Because of the location of his residence within the Shawnee Mission School District in relation to Antioch Elementary School, he was not permitted to vote in the referendum under the provisions of K.S.A. 72-8136e(*b*) and (*c*). Prior to the election Provance filed a petition seeking a judgment declaring the school closing statutes unconstitutional because of the manner in which they limited participation in school closing referenda. He also sought an injunction prohibiting the continued operation of Antioch solely on the basis of the results of the referendum and a writ of mandamus directing the School Board to conduct all elections held pursuant to K.S.A. 72-8136e on a district-wide basis.

Defendants-appellants were allowed to intervene below and Provance consented to allow the referendum to be held, subject to the trial court's determination regarding its validity. After trial the court held K.S.A. 72-8136e unconstitutional in part as viola-

tive of the 14th Amendment to the U.S. Constitution. The appeal in *Provance I* followed.

Our decision in *Provance I* upholding the constitutionality of the school closing referendum statute, K.S.A. 72-8136e, was filed July 16, 1982. Motions for rehearing were denied on October 29, 1982, and the time for appeal to the United States Supreme Court expired February 4, 1983.

On February 14, 1983, appellants Balsinger and Blecke filed a motion in the original proceedings seeking "a hearing on the issue of reopening the Antioch School and for such other relief as the Court deems proper in accordance with the mandate of the Supreme Court." Memorandums were filed and considered by the trial court, but no evidentiary hearing was held nor any evidence introduced, either by proof or stipulation. On June 16, 1983, the trial court issued a memorandum opinion denying appellants' motion. Judge Walton concluded he was without jurisdiction to entertain the motion:

"In this action the Defendant-intervenors base their claim of trial court jurisdiction upon the mandate from the Kansas Supreme Court. The mandate provides:

'The judgment of the district court is reversed. The April 7, 1981, referendum was valid.'

It is clear that the order from the Supreme Court is silent with respect to remand directions. It simply provides that the judgment of the district court is reversed. It is an opinion on the issues of law as provided in K.S.A. 60-2106(c). There is no order that the school be re-opened or any directions that this court proceed in that direction. Thus, the mandate fails to give this court any continued jurisdiction to grant the relief requested. Absent an express remand or directive from the Kansas Supreme Court, this court simply does not have jurisdiction."

The journal entry of final judgment denying relief was filed August 30, 1983. The present appeal was filed September 15, 1983.

Appellants contend the trial court erred in refusing to assume further jurisdiction in the original proceedings and now it is necessary for this court "to clarify its mandate and order the trial court to take such action as is necessary to return the parties to the same positions they were in prior to the District Court's erroneous decision in ordering Antioch Elementary School closed."

Appellants have cited several cases purporting to support their position we should amplify or supplement our prior mandate. In *West v. Insurance Co.*, 105 Kan. 414, 185 Pac. 12 (1919), we

amplified a prior mandate by directing the district court to tax against plaintiff all costs incurred from the time an offer to submit to a judgment was made by the defendant and to determine what part of the attorney's fee awarded plaintiff was earned prior to the receipt of the offer to confess judgment. There plaintiff had sued defendant upon an insurance policy for the loss of certain farming equipment and a corn shredder and belt, all of which had been destroyed by fire. Before filing an answer, the defendant offered to confess judgment for the destruction of the farming equipment, but disclaimed liability for the corn shredder and belt. Defendant also agreed that interest, costs and attorney's fees would be added to the judgment it was willing to confess. The offer was declined and, after a jury trial, judgment was entered for destruction of all the property including the corn shredder and belt. The judgment was appealed and we held the corn shredder and belt were not covered by the insurance policy. Our later amplification went to. the issue of apportionment of costs and attorney's fees which were a part of the subject matter in the original proceedings. We held "if the snarl pertained in any way to some matter presented to us in the original appeal, or which in any degree frustrates the efficacy of our mandate already issued, the mandate may be recalled, corrected, amplified or modified as justice may require." *West*, 105 Kan. at 415-16.

In *Union Central Life Ins. Co. v. Irrigation L. & T. Co.*, 146 Kan. 545, 73 P.2d 70 (1937), we held this court had authority to issue an additional or supplemental mandate directing the trial court to hear evidence and pass upon controverted issues not previously determined. Plaintiff had sued to foreclose its mortgage on land, obtained a decree of foreclosure and a sheriff's deed based thereon, and went into possession of the property. It was later questioned whether the title owner of the land had been made a party to the foreclosure action. Plaintiff then filed an action to quiet title, basing its action on the sheriff's deed and contending the proper party had been made a defendant in the foreclosure action. The defendant in the new action filed his answer and asked for affirmative relief to be restored to possession of the property and for judgment against plaintiff for actual damages for the two crop years plaintiff had been in possession. Plaintiff replied alleging it had paid taxes on the land for the two

years in question. The trial court rendered judgment for plaintiff and the issues of taxes and rental were not addressed. Defendant appealed, and this court reversed the judgment of the trial court with directions to enter judgment for the defendant, holding the sheriff's deed void. After the mandate of this court was spread of record in the trial court, defendant requested, among other things, that judgment be entered against plaintiff on his rent claim. The trial court declined to do so and defendant filed a motion in this court asking for an order directing the trial court to enter such a judgment. We issued a supplemental mandate directing the trial court " 'to hear such evidence as may be offered by either party and to decide as to the reasonable rental value of the real estate in question during the time that appellee was in possession of it and allow judgment for appellant for that amount less the taxes paid by appellee.' " *Union Central Life*, 146 Kan. at 546-47. It was clear there had been no trial or determination on the issue of rents and taxes and those were issues set forth in the original pleading. They had to be determined by a further hearing in the original case, or in a separate action. Under those circumstances it was proper for this court to give supplemental directions to the trial court in order to allow the parties the opportunity to fully litigate the issues before the court in the original proceedings.

In a more recent decision, *Bartlett v. Davis Corporation*, 219 Kan. 148, 547 P.2d 800 (1976), we held the effect of a reversal by this court of a district court's ruling in connection with a motion to dismiss or for summary judgment, where no judgment is directed, is the same, for the purpose of further proceedings in the district court, as if the district court had made the correct ruling in the first instance, except that the district court has no authority to change or modify the ruling made by this court. There the issue was whether our reversal of the trial court's order dismissing the cross-petition for indemnity was a complete and final judgment determining that cross-petitioner was entitled to indemnification. We concluded that our prior decisions did not construe the indemnity provisions of the contract and thus we made no decision on liability under the indemnity provision which could have become the settled law of the case. *Bartlett*, 219 Kan. at 152-53.

It should be apparent the cases cited by appellant do not

address the issues in the instant appeal. This action was originally filed in the district court for declaratory judgment, injunction and mandamus. Plaintiff filed the action to determine whether the school closing statutes were unconstitutional because of the manner in which they limited participation in school closing referenda. He also sought an injunction prohibiting the continued operation of Antioch School, solely on the basis of the results of the referendum and a writ of mandamus directing the school board to conduct all elections held pursuant to K.S.A. 72-8136e on a district-wide basis. The appellants were allowed to intervene below with the same rights and privileges as original defendants, including the right of appeal. The trial court held K.S.A. 72-8136e unconstitutional in part as violative of the 14th Amendment to the United States Constitution. The intervenors appealed from that ruling.

The only issues before this court in *Provance I* were the propriety of the order allowing intervention and the constitutionality of the school closing statutes. We were not asked to decide whether Antioch School should be re-opened and our decision and mandate did not address that issue. Appellants are now asking not only for an expansion of our prior decision but also for an expansion of the issues joined in the original proceedings. We can find no precedent, either by statute or prior case law, for such extraordinary relief. Although we have recognized our authority to recall, correct, amplify or modify a prior decision or mandate entered by this court, along with authority to issue an additional or supplemental mandate directing a trial court to hear evidence and pass upon controverted issues not previously determined, we have never been called upon to do so outside the scope of the joined issues. Any previous amplification or modification of a decision or mandate of this court was directed toward resolving or finalizing issues which were proper subject matters of the original proceedings.

There must be some finality in judicial decisions. When a trial court has jurisdiction of the parties and of the subject matter of an action and renders a judgment within its competency, such judgment is final and conclusive unless corrected or modified on appeal. The jurisdiction and authority to enter a judgment includes the power to decide a case wrongly. *Taber v. Taber*, 213 Kan. 453, 516 P.2d 987 (1973). If parties were permitted to

re-open cases after final judgment and litigate matters not properly pled or considered in the original action, there could never be finality in the judicial decision.

We do not construe K.S.A. 60-2106 as authority for this court to expand, by remand directions to the trial court, issues which were not the proper subject matter of the litigation below. If our decision and mandate is fully determinative of the issues presented in the proceedings below, they become a part of the judgment in the case without further order of the trial court. It is only where our decision and mandate does not fully determine the issues pending before the trial court that directions are necessary or appropriate to control the conduct of further proceedings to resolve any remaining issues.

The sole substantive issue before the trial court and before this court in *Provance I* was the constitutionality of K.S.A. 72-8136e. The trial court had jurisdiction of the parties and the subject matter and entered a judgment within its competency. Its decision was final and conclusive until corrected on appeal. After the trial court's decision there were no issues left undecided. This court reversed the trial court on appeal and held K.S.A. 72-8136e was valid. We gave no directions to the trial court in our mandate because our decision was fully determinative of the issues presented below. We now decline to open up or expand these proceedings to matters which were never before the trial court.

We would be remiss in failing to mention some additional reasons why we decline to remand the present case back for further hearing. Both the briefs submitted by the parties herein and the memorandum decision of the trial court mention that the Shawnee Mission School Board, on December 9, 1981, during the pendency of the appeal in *Provance I,* passed a new resolution to close Antioch Elementary School. This second resolution announced the Board's intention of closing the school at the end of the 1981-82 school year. Apparently no protest petition was filed in opposition to the closing and defendant-intervenors did not seek the extraordinary remedy of injunction from either the trial court, under K.S.A. 60-262(*d*), or K.S.A. 60-901 *et seq.*, or this court, under K.S.A. 60-2103(*d*). The briefs and memorandum decision also allude to the fact that Antioch School was closed at the end of the 1981-82 school term and the building was sold on July 1, 1982, to Heritage Hills, Inc., an affiliate of Shawnee

Mission Medical Center, for use in conjunction with certain health care needs. It appears the new owners may have substantially altered the building to suit their own needs.

Appellants seek a remand with directions to the trial court to proceed on their motion to re-open Antioch School. Such hearing would require the trial court to hear evidence pertaining to the second closing resolution inasmuch as appellees contend the school was closed and sold as a result of the December 9, 1981, resolution rather than on the strength of the original resolution and subsequent court proceedings. A new hearing would also require the joinder of an additional, contingently necessary party. Heritage Hills, Inc. is now in possession of the property under color of title. It is elementary that notice and an opportunity to be heard are essential to any judgment affecting personal or property rights. *Sweetser v. Sweetser*, 7 Kan. App. 2d 463, 643 P.2d 1150 (1982).

A remand, as requested by appellants, would clearly mean an expansion of the original issues and the joinder of an additional party. It is conceivable that such relief may be appropriate in an instance where the issues actually raised below have not been fully determined and where a final judgment has not been rendered. But where, as in the instant case, those issues have been fully determined and a final judgment entered, such relief is inappropriate.

The judgment of the district court is affirmed.

HOLMES, J., not participating.