(877 P.2d 11)
No. 70,485

LESLIE E. McINTOSH, *Appellant*, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY and WILLIAM F. HENRY, *Appellees*.

Petition for review denied 255 Kan. 1002.(1994).

Opinion filed July 1, 1994.

*Michael R. McIntosh,* of Kansas City, for appellant.

*Nola Wright Viola,* of Topeka, for appellees.

Before BRAZIL, P.J., ELLIOTT and ROYSE, JJ.

BRAZIL, J.: Leslie E. McIntosh appeals the district court's grant of summary judgment to The Atchison, Topeka and Santa Fe Railway Company and William F. Henry (Santa Fe). The district court found it had no jurisdiction to hear McIntosh's claim of breach of implied contract because it was preempted by the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq.* (1988). We affirm.

Santa Fe is an interstate carrier by rail and is a "carrier" under the RLA. McIntosh was an "employee" under the RLA. A collective bargaining agreement (CBA) governing the terms and conditions of employment was in effect between Santa Fe and McIntosh's union. Normal employee claims relating to discharge from employment are processed through the grievance and arbitration procedures provided by the RLA.

The RLA provides for arbitration of disputes between an employee and a carrier growing out of a grievance or an interpretation or application of agreements concerning rates of pay, rules, or working conditions. 45 U.S.C. § 153(i) (1988). The employee first submits the grievance to the chief operating officer of the carrier. If the employee and the carrier fail to reach an adjustment of the matter, the dispute may be referred to a division of the National Railroad Adjustment Board (Board). 45 U.S.C. § 153(i). Exclusive and primary jurisdiction of such grievances lies with the Board through the local public law boards. *Hodges v. Atchison Topeka and Santa Fe Ry.*, 728 F.2d 414, 416 (10th Cir. 1984). The public law boards serve as private alternative forums to the Board. See *O'Neill v. Public Law Bd. No. 550*, 581 F.2d 692, 695 (7th Cir. 1978).

Under the terms of the CBA, all employees of Santa Fe are bound to observe and follow the General Code of Operating Rules and Safety Rules. The CBA also provides for certain steps for carrying out discipline of employees.

A formal investigation by the railroad determined McIntosh reported to work under the influence of alcohol and failed to observe safety rules in boarding a railroad car. He was removed from service for violation of these rules. McIntosh appealed his case to the division manager, who declined to reinstate him. McIntosh requested reinstatement from the Director of Labor Relations, who also declined the request. McIntosh finally appealed his case to Public Law Board No. 3373, which upheld McIntosh's removal from service.

McIntosh filed a petition in state district court, alleging Santa Fe breached an implied contract of employment. He alleged that during his employment, Santa Fe set up a substance abuse policy. He claimed the substance abuse policy provided that employees with drug or alcohol problems would be given a leave of absence to receive treatment and would not be discharged. He alleged the substance abuse policy thus created an implied contract of continued employment and that Santa Fe breached that contract by terminating his employment when he reported to work intoxicated. He alleged that Santa Fe assistant superintendent William F. Henry induced the company to breach the implied contract.

Santa Fe timely removed the case to the United States District Court for the District of Kansas. Santa Fe claimed the federal court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (1988). It claimed McIntosh's state law claims were completely preempted by the RLA and moved for summary judgment. McIntosh filed a motion to remand to state court.

The federal court found McIntosh's well-pleaded complaint did not raise a federal question and sounded only in state common-law claims of contract and tort. Because the complaint did not allege a claim arising under federal labor law, the federal court found it lacked subject matter jurisdiction. The court granted McIntosh's motion to remand and denied Santa Fe's motion for summary judgment.

Santa Fe filed a motion in state district court for summary judgment, alleging the district court lacked subject matter jurisdiction because the RLA preempted McIntosh's claim of wrongful discharge as a matter of law. The state court agreed and granted Santa Fe's motion for summary judgment.

McIntosh claims the state court erred in allowing Santa Fe to raise the preemption defense. McIntosh claims res judicata precludes Santa Fe from raising the issue after the federal court issued the order finding the state claims were not preempted.

The doctrine of res judicata prevents relitigation of claims that have previously been litigated before a court of competent jurisdiction which rendered a judgment within its competency. The doctrine requires a final judgment on an issue or cause of action. *In re Estate of Reed*, 236 Kan. 514, 519-20, 693 P.2d 1156 (1985). A final judgment, however, requires that a court have subject matter jurisdiction. *Provance v. Shawnee Mission U.S.D. No. 512*, 235 Kan. 927, 932, 683 P.2d 902 (1984). The federal court found it did not have such jurisdiction.

A final judgment implies the right to appeal the decision. A federal district court's order remanding a case for lack of subject matter jurisdiction, however, is not reviewable by the appellate courts. 28 U.S.C. § 1447(d) (1988); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (10th Cir. 1992). Such an order is not reviewable even if it is clearly the wrong decision. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 46 L. Ed. 2d 542, 96 S. Ct. 584 (1976). Appeal is available on a federal

court's remand order only when it results from a decision on the merits of a nonjurisdictional issue. *Albertson's, Inc. v. Carrigan*, 982 F.2d 1478, 1480 (10th Cir. 1993) (citing *Price v. PSA, Inc.*, 829 F.2d 871, 874 [9th Cir. 1987], *cert. denied* 486 U.S. 1006 [1988]).

We have found no Tenth Circuit cases concerning the issue of whether a defendant may raise the preemption defense in state court after a federal court has remanded the case for lack of subject matter jurisdiction. Other circuits, however, have considered the issue and generally find that when a federal district court considers whether the preemptive force of a federal statute displaces any state court cause of action within the ambit of the federal cause of action, the court is considering only a jurisdictional issue. The jurisdictional inquiry is distinct from the question whether a party may raise the legal defense of preemption in the trial following remand. *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180-81 (9th Cir. 1989).

If the federal court finds a plaintiff's claim is completely preempted by the federal statute, then the court may proceed to rule on the substantive defense of preemption. If, however, as in the case at bar, the federal court rules the claim is not completely preempted, then

"the federal court has no jurisdiction to rule on a substantive defense and remand is required. The substantive defense of preemption is then a matter *for the state court to determine* as a part of the trial proceedings. The federal court's ruling on 'complete preemption' has no preclusive effect on the state court's consideration of the substantive preemption defense. This is, of course, particularly appropriate because the jurisdictional decision of lack of complete preemption is insulated by section 1447(d) from appellate review." (Emphasis added.) 886 F.2d at 1181.

Other circuits have applied a similar rationale. *Baldridge v. Kentucky-Ohio Transp., Inc.*, 983 F.2d 1341, 1345-46 (6th Cir. 1993) (following *Whitman*); *Soley v. First Nat. Bank of Commerce*, 923 F.2d 406, 409 (5th Cir. 1991) (remand order based on lack of jurisdiction does not preclude state court's consideration of the substantive preemption defense); *Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d 1539, 1540-41 (11th Cir. 1986) (on remand for lack of federal court jurisdiction, state court may rule on whether federal statute preempts state law claims). *Cf. In re*

*Life Ins. Co. of North America*, 857 F.2d 1190, 1193 (8th Cir. 1988) (when the federal court *has jurisdiction over the subject matter*, its adjudication is the law of the case and its judgment is binding on all other courts subject only to the appellate process) (quoting *United States ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1076 [7th Cir. 1970], *cert. denied* 402 U.S. 983 [1971]).

McIntosh supports his claim with the principle that where a tribunal *having subject matter jurisdiction* decides a question, the decision is res judicata between the parties and cannot be relitigated in another tribunal. *Anthony v. Halderman*, 7 Kan. 50, Syl. ¶ 3 (1871). The problem is that the federal court found *it did not have subject matter jurisdiction*.

In the case at bar, the federal court did engage in a type of substantive inquiry into the facts of the case. The court noted McIntosh claimed the substance abuse policy was not under the CBA. The court noted all the state court was required to do was determine whether an implied contract of employment existed, whether Santa Fe breached that contract, and whether Henry unlawfully induced the breach. The court found none of the determinations required an interpretation of the CBA.

In *Hansen v. Blue Cross of California*, 891 F.2d 1384, 1388 (9th Cir. 1989), the defendant claimed the remand order was reviewable because the federal district court made factual determinations and concluded the claim was not preempted by the federal statute. The Ninth Circuit disagreed and noted that the district court did not decide a disputed issue of fact but merely looked to the allegations in the plaintiff's complaint. In addition, the defendant made no showing the district court's decision was *apart* from the question of subject matter jurisdiction. The district court's decision was necessary to determine whether subject matter jurisdiction existed. 891 F.2d at 1388.

Thus, in deciding whether subject matter jurisdiction exists, a federal court will reach legal conclusions concerning the presence of a federal question. Where the court's order is not apart from the question of subject matter jurisdiction but related to it, the remand order is not reviewable. 891 F.2d at 1388. A remand order involving a question of substantive law is not subject to appellate review where the substantive law decision relates to

the question of jurisdiction. *Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d at 1540.

The federal court's inquiry in the case at bar was merely related to the jurisdictional question and was not substantive in nature. The court looked to the allegations in McIntosh's petition and did not decide a disputed issue of fact. The court never ruled that the implied contract did exist, that Santa Fe breached the contract, or that Henry induced the breach. In addition, once a federal district court has determined it has no jurisdiction over the case, it has no authority to rule on substantive defenses. *Whitman*, 886 F.2d at 1181.

The federal district court's decision the RLA did not preempt McIntosh's claims was not binding on the state district court. The state court thus did not err in allowing Santa Fe to raise the preemption defense in its motion for summary judgment.

The state court concluded as a matter of law that McIntosh's claims were preempted by the RLA and that the court thus had no subject matter jurisdiction to hear the case. This court's review of conclusions of law is unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Judicial review of the Board's decision lies with the federal district court. Review of Board orders is limited to three specific grounds: (1) failure of the Board to comply with the requirements of the RLA; (2) failure of the Board to limit its decisions to matters within its jurisdiction; and (3) fraud or corruption. The court may affirm or set aside the Board's order or remand the case to the Board for further actions as the court sees fit. 45 U.S.C. § 153(q).

In enacting the RLA, Congress endeavored to promote stability in labor-management relations in the railroad industry by providing effective and efficient remedies for the resolution of disputes arising out of the interpretation of CBAs. The Board was created as a tribunal of workers and management to ensure the prompt, orderly, and final settlement of grievances that arise daily between employees and carriers regarding rates of pay, rules, and working conditions. Congress considered it essential to keep these so-called "minor disputes" within the Board and out of the courts. *Union Pacific R. Co. v. Sheehan*, 439 U.S. 89, 94, 58 L.

Ed. 2d 354, 99 S. Ct. 399 (1978), *reh. denied* 439 U.S. 1135 (1979).

The state court found that in order to evaluate McIntosh's claim of breach of implied contract it would be necessary to refer to the CBA to determine if McIntosh's termination for violation of work rules involved an exercise of a contractual right. The court found that where interpretation of the CBA is required to adjudicate a claim, the claim is a minor dispute. Exclusive jurisdiction of the claim was thus with the Board, and McIntosh's state law claim was preempted.

A minor dispute in the railroad industry is subject to compulsory and binding arbitration before the Board. The Board has *exclusive jurisdiction* over minor disputes, and judicial review is limited to that found in 45 U.S.C. § 153(q). *Consol. Rail Corp. v. Railway Labor Executives*, 491 U.S. 299, 303-04, 105 L. Ed. 2d 250, 109 S. Ct. 2477 (1989). Where a dispute may be conclusively resolved by interpreting the existing agreement, the dispute is minor. 491 U.S. at 305. Arbitration provisions for minor disputes are mandatory and preempt state remedies. *Andrews v. Louisville & Nashville R. Co.*, 406 U.S. 320, 323-24, 32 L. Ed. 2d 95, 92 S. Ct. 1562 (1972).

The railroad has a relatively light burden to establish exclusive jurisdiction under the RLA. "Where an employer asserts a contractual right to take the contested action, the ensuing dispute is *minor* if the action is *arguably justified* by the terms of the parties' collective-bargaining agreement." (Emphasis added.) *Consol. Rail Corp.*, 491 U.S. at 307.

Where a dispute grows out of the employment relationship and involves an attempt to impose a right incident to that relationship, the statutory forum is that provided by the RLA. *Railway Labor Executives Ass'n v. Atchison, T. & S.F. Ry. Co.*, 430 F.2d 994, 997 (9th Cir. 1970), *cert. denied* 400 U.S. 1021 (1971). This is so even where the dispute arises from a "course and practice" of the carrier rather than from a specific provision of a CBA. The question of the carrier's contractual responsibility necessarily requires an interpretation of the CBA. *Leu v. Norfolk & Western Ry. Co.*, 820 F.2d 825, 829 (7th Cir. 1987).

A party cannot escape the exclusive governance of the RLA by articulating his or her claim in terms of a state law action. 820 F.2d at 830.

"Employees' attempts to evade NRAB exclusive jurisdiction over minor disputes by recharacterizing their claims into state causes of action are scrutinized by the following test: If the 'action is based on a matrix of facts which are *inextricably intertwined* with the grievance machinery of the collective bargaining agreement and of the R.L.A.,' exclusive jurisdiction of the NRAB preempts the action." (Emphasis added.) *Stephens v. Norfolk and W. Ry. Co.*, 792 F.2d 576, 580 (6th Cir. 1986) (quoting *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 [9th Cir.], *cert. denied* 439 U.S. 930 [1978]).

McIntosh claims the substance abuse policy is *independent* of the CBA and provides the basis for his state law claim of breach of an implied contract and tortious inducement of breach of that contract. Section 2.0 of the substance abuse policy, however, expressly states the policy *"supplements, but does not replace* disciplinary rules and procedures currently in force relating to violations involving use of alcohol and drugs." (Emphasis added.) The policy thus on its face appears to be inextricably intertwined with the CBA.

To the extent that a carrier's personnel policies and procedures are inconsistent with the provisions of a CBA, the CBA controls. The interpretation of whether the policies and procedures created an implied contract clearly requires a court to construe the CBA. *Edelman v. Western Airlines, Inc.*, 892 F.2d 839, 844 (9th Cir. 1989).

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 206, 85 L. Ed. 2d 206, 105 S. Ct. 1904 (1985), was a case involving the Labor Management Relations Act, 29 U.S.C. § 185(a) (1988). Its reasoning is equally applicable to the determination of whether a claim couched in terms of a state law actually arises under an RLA collective bargaining agreement. See *Leu*, 820 F.2d at 830.

"[Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. Any other result would elevate form over substance and allow parties to evade the requirements of [the federal statute] by

relabeling their contract claims as claims for tortious breach of contract." 471 U.S. at 211.

The substance of McIntosh's claim is that he was wrongfully discharged. Where a plaintiff's basic injury is wrongful discharge, however, the complaint involves a minor dispute which *must be interpreted* following the procedures of the RLA. *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 (9th Cir.), *cert. denied* 439 U.S. 930 (1978).

The state court did not err in finding McIntosh's claim was preempted by the RLA. McIntosh's claim grew out of his employment relationship with Santa Fe. Company policy governing employee violations of work and safety rules was contained in the CBA. The substance abuse policy expressly stated it was intended to supplement the procedures already in place. The substance abuse policy was thus inextricably intertwined with the CBA. To construe the substance abuse policy, the state court would necessarily have to interpret the CBA. The RLA provides exclusive jurisdiction for review of minor disputes under the CBA, and thus McIntosh's state law claim is preempted.

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Patterson v. Brouhard*, 246 Kan. 700, 702, 792 P.2d 983 (1990). The appellate court must view the facts in the light most favorable to the party who defended against the motion for summary judgment, and if reasonable minds could differ as to the conclusion drawn from the facts summary judgment must be denied. Where the facts of the case are not disputed, summary judgment is appropriate. If the only questions presented are questions of law, summary judgment is proper. *Finstad v. Washburn University*, 252 Kan. 465, 468, 845 P.2d 685 (1993).

To oppose a motion for summary judgment, a party must come forward with something of evidentiary value to establish a material dispute of fact. *Slaymaker v. Westgate State Bank*, 241 Kan. 525, Syl. ¶ 1, 739 P.2d 444 (1987). If factual issues exist, they must be material to the case to preclude summary judgment. *Bacon*

v. *Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 307, 756 P.2d 416 (1988).

The facts in the case at bar were not in dispute. The basis of the state court's grant of summary judgment was a question of law concerning RLA preemption of McIntosh's state court claim. The pleadings and record of the case indicated McIntosh's claim was a minor dispute under the RLA. McIntosh's claim that the substance abuse policy created an implied contract of employment required construction of the CBA and was inextricably intertwined with the CBA. The RLA thus preempted the claim, and the state court lacked subject matter jurisdiction over the claim. Summary judgment was proper.

Affirmed.